No. 8880.

McFADDEN ET AL. *v.* HOPKINS ET AL.

CHATTEL MORTGAGE.—*Indemnifying Mortgages.*—*Priority.*—Of two indemnifying mortgages that first executed and recorded is the prior lien.

SAME.—*Conversion.*—The holder of a senior mortgage may maintain an action against the holder of a junior mortgage for a conversion of the mortgaged goods.

SAME.—*Damages.*—The purchaser of mortgaged property takes it subject to the mortgage, and, if he convert it, he is liable to the mortgagee for its value not exceeding the amount due on the mortgage.

SAME.—*Fraud.*—*Evidence.*—*Supreme Court.*—Where, in such a case, the evidence shows actual notice of the mortgage, and that the mortgagor was permitted to remain in possession of the goods and sell them at retail, but no actual fraud, the Supreme Court will not interfere with a verdict for the mortgagee.

From the Daviess Circuit Court.

McFadden *et al. v.* Hopkins *et al.*

*J. T. Pierce*, for appellants.
*J. W. Burton*, for appellees.

FRANKLIN, C.—The following are the facts out of which this suit grew: On the 3d day of January, 1876, appellee Hopkins stayed a judgment in the Daviess Circuit Court, rendered against appellee Hart and one Thomas, for $1,484, and took from Hart, as security, an indemnifying mortgage upon a stock of dry goods and other personal property, which mortgage was duly recorded. And on the 12th day of November, 1879, he paid off the balance of the judgment, being over $1,200.

On the 18th day of February, 1876, appellants endorsed for said Hart a note to the First National Bank of Franklin, Indiana, for $1,000, and at the same time took an indemnifying mortgage from said Hart upon the same stock of goods and a part of the other personal property, subject to Hopkins' mortgage, which mortgage was also duly recorded. Appellants paid off the note at maturity in June following.

The stay on the judgment expired June 22d, 1876. On the 20th of September, 1876, appellants purchased of appellee Hart $500 worth of the goods, at invoice price, for which they agreed to give a credit on the amount they had paid on the bank note.

Hart had retained the possession, use, management, control and sale of the mortgaged property from the date of the Hopkins mortgage to the day of the sale to appellants, and in the mean time had sold of the goods to the amount of $4,600, and had replaced with new stock to the amount of $2,151.18, and had appropriated some of the goods to the use of his family.

On the 13th of December, 1879, appellee Hopkins commenced this suit against appellants for a conversion of the goods. He sets forth in his complaint his mortgage and the the payment of the judgment; he alleges the insolvency of both Hart and Thomas at the date of the expiration of the

stay of the judgment and ever since, and then avers that appellants " wrongfully and unlawfully took, hauled and carried away all of said stock of general merchandise described in said mortgage, and removed the same from said county of Daviess without the knowledge or consent of the plaintiff, and wrongfully sold and disposed of said personal goods, and appropriated and converted the same and the proceeds thereof to their own use, and by reason of the wrongful and unlawful acts of the defendants as aforesaid, the plaintiff says he has sustained damages in the sum of one thousand dollars," etc.

A demurrer was overruled to the complaint, and answers and replies filed. There was a trial by jury; verdict for appellee Hopkins, and over a motion for a new trial judgment was rendered for $425.25.

Hart did not join in the appeal, and he is, therefore, joined as appellee in this court.

The errors assigned are, overruling the demurrer to the complaint, and overruling the motion for a new trial.

The reasons assigned for a new trial are, that the verdict is not sustained by sufficient evidence, and is contrary to law.

As to the first error assigned, the complaint does not state all the facts of the case; it does not show that appellants were creditors of Hart, and that they had taken goods, under a contract with Hart, in payment of so much of their debt against him, but charges appellants with being tortfeasors, without any claim of right. As against a wrong-doer, appellee's mortgage would authorize him to maintain the suit. We think the complaint, upon its face, states facts sufficient to constitute a cause of action, and there was no error in overruling the demurrer to the complaint.

As to whether the evidence supported the verdict, and as to whether it was according to law, depend upon the validity of appellee's mortgage as against appellants.

There is no conflict in, or dispute about, the testimony; we have substantially stated the facts as testified to.

Appellee had the right to take possession of the property,

or foreclose his mortgage and sell the equity of redemption, at any time after the expiration of the stay of the judgment and Hart failed to pay according to the covenants in his mortgage, without waiting until he had paid off the judgment himself. *Gunel* v. *Cue*, 72 Ind. 34 ; *Durham* v. *Craig*, 79 Ind. 117. Where there are two indemnifying mortgages, that which is first executed and recorded has the prior lien.   The lien begins with its execution and delivery, and not with the payment of the debt indemnified against. *Krutsinger* v. *Brown*, 72 Ind. 466. The mortgagor has a right to sell the equity of redemption in the mortgaged property, but the purchaser takes the property subject to the mortgage, and if he disposes of it, and converts the proceeds to his own use, he is liable to the mortgagee for its value, not exceeding the amount due on the mortgage. *Duke* v. *Strickland*, 43 Ind. 494 ; *Coles* v. *Clark*, 3 Cushing, 399. Therefore, if appellee's mortgage is valid as against appellants, the evidence supported the verdict of the jury ; but if it is invalid as against creditors, appellants being such, the verdict is not supported by the evidence, and is contrary to law. As to whether it was valid or invalid against appellants, depends upon whether it was fraudulent.   The 21st section of the Statute of Frauds, 1 R. S. 1876, p. 506, reads as follows : "The question of fraudulent intent, in all cases arising under the provisions of this act, shall be deemed a question of fact," etc.   Under this statute, this court has held that a recorded mortgage, upon its face, can not be declared fraudulent and void as against creditors ; that fraud, in such a case, is a question of fact, to be submitted to the court or jury upon the trial. *McLaughlin* v. *Ward*, 77 Ind. 383 ; *Lockwood* v. *Harding*, 79 Ind. 129 ; *Morris* v. *Stern*, 80 Ind. 227.

In the first case above named, this court said : " Under this statute, any recorded mortgage, which is valid between the parties to it, will be upheld against third parties, unless, for some reason, it is actually fraudulent as against them ; and whether fraudulent must be deemed a question of fact, to be determined according to the circumstances of the particular case."

Appellee's mortgage being regularly recorded, the evidence upon the trial showed that it was executed in good faith, and for a valid consideration, and although the mortgagor was permitted to remain in possession of the goods, and sell them by retail, there was no actual fraud in fact proven to exist in the transaction. Appellants' mortgage contained a clause that the goods were subject to appellee's mortgage ; hence they took the goods and disposed of them, with both actual and constructive notice of appellee's claim on them. The whole question of fraud was submitted, upon the evidence, to the jury, and they having found in favor of appellee, we see nothing in the evidence upon which the verdict can be interfered with.

The verdict is sustained by the evidence, and is not contrary to law.

There was no error in overruling the motion for a new trial.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and it is hereby in all things affirmed, with costs.