*Berghoff v. McDonald.*

———◆———

No. 9189.

BERGHOFF v. McDONALD.

SUPREME COURT.—*Appeal.*—*Parties.*—In a suit against A., B. and C. there was judgment against A., but in favor of B. and C.

*Held,* that B. and C. were not necessary or proper parties to an appeal by A.

SAME.—*Abatement.*—*Amendment.*—*Record.*—After a plea in abatement, if the complaint be amended, the original complaint and plea cease to be a part of the record, and rulings made thereon can not be questioned on appeal.

SAME.—*Error.*—In a suit against A., B. and C., a ruling adverse to B. and C., and not affecting the interests of A., is not available error on behalf of A. on an appeal by him alone.

SAME.— *Verdict.*—*Interrogatories.*—The sufficiency of answers of the jury to special questions of fact can not be questioned for the first time in the Supreme Court.

SAME.—*Instructions.*— *Record.*— *Bill of Exceptions.*—Instructions given by the court of its own motion, not signed by the judge, or those given on request, not signed by counsel of the party asking them or the judge, become part of the record only by bill of exceptions or order of the court.

SAME.—Instructions refused can not be questioned in the Supreme Court, unless those given are in the record.

VERDICT.— *Venire de Novo.*—When the verdict is proper in substance and form, and sufficiently certain, a *venire de novo* should not be awarded.

REPLEVIN.— *Detention.*— *Verdict.*— *Special Finding.*— A general verdict against the defendant in replevin is not antagonized by a special finding that before the suit was begun the defendant had transferred the property to others, to be removed to another county.

SAME.—*Jurisdiction.*—*Parties.*—*Fraud.*—Suit in replevin was brought in the W. Circuit Court against A. of A. county and B. and C. of W. county. The finding was against A. and in favor of B. and C.; but it was also 'found upon an issue made by pleadings that B. and C. were not made parties for the fraudulent purpose of giving the W. court jurisdiction. *Held,* that the W. court had jurisdiction to render judgment against A.

SAME.—*Tort.*—*Liability of Agent.*—The action of replevin sounds in tort, and an agent who for his principal wrongfully detains the goods of another is personally liable in the action.

CHATTEL MORTGAGE.—*Fraud.*—*Intention.*—*Question of Fact.*— *Verdict.*—*Special Finding.*—Fraud in a chattel mortgage is made by statute (R. S. 1881, section 4924) a matter of intention and a question of fact for the jury; so that the finding specially of such facts as would in the absence of the statute make the mortgage fraudulent in law, is not inconsistent with a general verdict implying its validity.

SAME.—*Barter and Exchange.*—*Lien.*—A chattel mortgage embraced a colt in the mortgagor's possession, not his property, but inserted at the owner's request, and supposed by the mortgagee to be the property of the mortgagor. Subsequently, the mortgagor exchanged a mare, also in the mortgage, for the colt, and the mortgagee released the mare. *Held,* that the mortgage was a valid lien on the colt.

From the Kosciusko Circuit Court.

*W. Olds, H. S. Biggs, L. M. Ninde* and *T. E. Ellison,* for appellant.

*T. R. Marshall* and *W. F. McNagny,* for appellee.

FRANKLIN, C.—This action was commenced by appellee against appellant in the Whitley Circuit Court, to recover two colts, where appellant filed a plea in abatement. Appellee, after demurring to that plea, was allowed by the court to amend his complaint, making new parties defendants Adam T. McGinley and Jacob Ruch. Appellant then filed a general denial and a special plea, and a change of venue was then taken by appellant to Kosciusko county. Issues were there formed by McGinley and Ruch, and by appellee's filing a general denial to the special paragraph of Berghoff's answer.

The record afterwards shows that appellee's demurrer to

appellant's first plea in abatement was sustained, and an exception reserved. A trial was had by jury, a general verdict was returned for appellee, with answers to interrogatories. Each of the defendants moved for judgment in his favor upon the answers to the interrogatories. The motions of McGinley and Ruch were sustained, and that of Berghoff overruled. Appellant then moved for a new trial, a *venire de novo*, and in arrest of judgment, all of which were overruled, exceptions reserved and judgment rendered for the defendants McGinley and Ruch, and for the plaintiff against Berghoff, who has appealed to this court.

Appellee has filed a motion to dismiss the appeal, for the reason that McGinley and Ruch are not made parties in the assignment of errors. They have filed an appearance, waived notice, and, if they are deemed proper parties, consent that the cause may be submitted, heard and determined. The judgment was in their favor, and only against appellant. They have no interest in the judgment appealed from, and are neither necessary nor proper parties in this court. *Euster* v. *Severin*, 78 Ind. 540; *Hammon* v. *Sexton*, 69 Ind. 37. The motion to dismiss the appeal is overruled. The errors assigned are:

1st. Sustaining the demurrer to the first plea in abatement.

2d. Overruling motion to strike out and quash affidavit and writ of replevin.

3d. Overruling motion for judgment on special findings.

4th. Overruling motion for a judgment on special findings for the sorrel colt.

5th. Overruling motion for a *venire de novo*.

6th. Overruling motion for a new trial.

7th. Overruling motion in arrest of judgment.

8th. Sustaining appellee's motion for judgment on the general verdict.

As to the first error assigned: The amendment of the complaint by making new parties defendants, and the filing of the special answer by appellant, setting up the same facts that were alleged in his former plea of abatement, and charging

that the new parties resident were fraudulently made defendants in order to give the court jurisdiction of the cause, took the original complaint and plea in abatement out of the case, and they form no necessary part of the record, and should not have been embraced therein. Therefore, we do not consider whether the ruling upon the demurrer was right or wrong. It answered no purpose in the trial of the cause.

As to the second error assigned : The record shows that the motion was made on the part of the other defendants, McGinley and Ruch, and not on the part of appellant. He has no interest in the rulings thereon, and can not be heard to assign the same as error ; and this assigned error is not discussed by appellant in his brief, and is, therefore, waived.

As to the third error assigned : The defendants requested the court to submit to the jury forty-eight interrogatories. Answers were returned to thirty-eight of these, and to ten there were no answers. The record does not show how many or which ones of them were submitted by the court to the jury, or why the others were not answered.

Appellant's counsel first base their motion for judgment on these answers, upon the answer to the sixth interrogatory. That interrogatory and answer read as follows :

" 6th. Did not Berghoff, before the summons issued against him in this cause was put in the hands of the sheriff, transfer the horses to the liveryman to take to Fort Wayne ? Answer. Yes."

This answer, literally construed, would mean that the horses were not so transferred. But that is not the meaning intended by the jury or designed by the interrogators. The questions and answers are nearly all in the same form. But, giving the answer the meaning that the horses were so transferred to be taken to Fort Wayne, the answer is still not inconsistent with the general verdict for the plaintiff. The liveryman could only be regarded as the agent of Berghoff for the purpose of transferring the property, and the possession of the agent would be but the possession of the principal.

Appellant's counsel further insist that, according to the answers to interrogatories 1, 2, 8, 9 and 11, appellant was then, and had been for the three years last past, a resident of Fort Wayne, Allen county, Indiana, and that the court had no jurisdiction to render judgment against him, however this might have been, had there been no other defendants in the case; but there were other resident defendants, and there was an issue made as to whether they had been fraudulently made defendants for the purpose of giving the court jurisdiction. The following are the interrogatories and answers upon this issue:

"14th. Did not the plaintiff know, before he made the defendants McGinley and Ruch parties, that the horses had been taken to Fort Wayne, and that neither one of them had anything more to do with them or any control over them? Ans. No."

(The 15th is not answered.)

"16th. Was not the defendants McGinley and Ruch made parties defendants by the plaintiff for the wrongful and fraudulent purpose of trying to give the court of Whitley county jurisdiction of the cause? Answer. No."

The facts of this issue having been thus found by the jury, the fact that appellant was a non-resident of Whitley county is not inconsistent with the general verdict for the plaintiff. They further insist that the facts found by the jury show that the mortgage under which McDonald claims the property was absolutely void. We extract from appellant's brief his claim under this head:

"The jury find on pages 46 to 50 (of record), in answer to interrogatories, as follows: (No. 22) That McDonald held under a chattel mortgage, executed by Jacob Steinfield, February 27th, 1878, to secure (No. 23) a note due in six months, with a condition (No. 24) that Steinfield should retain the possession of the property till the note became due, and if the note was not paid promptly at maturity, that McDonald should have the right to take and keep possession of the property without any process of law, and that it should then be-

come the absolute property of McDonald; (No. 25) that the
property was in the possession of Steinfield at the time the
mortgage was executed; (No. 26) that he kept that in suit
till Trentman levied upon it; (No. 29) that McDonald could
have taken possession of it any day till that time; (No. 51)
that the only reason he did not was 'through humane motives,
with the assurance that he should lose nothing by the act;'
(No. 32) that Steinfield has sold part of the property with the
consent and concurrence of McDonald; (No. 41) that Stein-
field has not paid any of his numerous debts; (No. 42) that
the mortgage has kept Steinfield's creditors from taking it;
(No. 43) that it was understood that Steinfield should keep
and use the property as his own; (No. 46) that Steinfield
might exchange part of the property for other property, and
that McDonald's mortgage should be a lien on the property
acquired." The question fixes this last answer to an agree-
ment made after the execution of the mortgage, and applies
to the sorrel colt hereafter spoken of.

It is insisted that these answers make the mortgage void,
and that appellant is entitled to judgment thereon in his favor,
and a number of common-law authorities and some early
cases in this court are referred to as authority in support
thereof; but the more recent decisions of this court, based
upon the statute of frauds and perjuries (1 R. S. 1876, p. 506,
sec. 21), hold that the question of fraudulent intent is a ques-
tion of fact, and that a mortgage formerly held void at com-
mon law on account of certain stipulations contained in it,
will not now be held void, unless it is proven that fraud
actually existed, and that is a question for the jury to deter-
mine. *McLaughlin* v. *Ward,* 77 Ind. 383; *Lockwood* v. *Hard-
ing,* 79 Ind. 129; *Morris* v. *Stern,* 80 Ind. 227; *McFadden* v.
*Hopkins,* 81 Ind. 459.

The forty-fourth question and answer read as follows:

"44th. Was it not understood between McDonald and Stein-
field that the property should be kept away from Steinfield's
creditors for some time? Ans. No."

Taking this answer and the general verdict together, we think the jury determined that fraud did not actually exist, and that the answers or special findings are not irreconcilable with the general verdict. There was no error in overruling the motion for judgment for appellant upon the answers to the interrogatories, notwithstanding the general verdict.

The fourth error complained of is also stated as a reason for a new trial. No answer to the interrogatories is pointed out in appellant's brief as a basis for the motion for judgment in favor of appellant, on the special findings, for the sorrel colt. We see none that would sustain the motion, and do not here further consider the question.

The fifth error assigned is the overruling of the motion for a *venire de novo*. The general verdict returned by the jury reads as follows: " We, the jury, find for the plaintiff as against all the defendants; that he was, upon the 29th day of October, 1879, the owner of and entitled to the possession of the property described in his complaint, and now in controversy, is still the owner thereof and entitled to the possession thereof; and that, upon said date, the defendants unlawfully detained the possession of the same from the plaintiff. We do further find that said property was of the value of $90 at that date, to wit, October 29th, 1879.      SAMUEL CAUFFMAN, Foreman."

We see no irregularity, ambiguity or uncertainty in this verdict that would prevent the court from rendering the proper judgment upon it, or that would require a *venire de novo*. There was no error in overruling this motion.

The sixth error assigned is the overruling of the motion for a new trial. There are nine reasons stated for a new trial. We only consider those that are presented and discussed by appellant in his brief. The first reason so presented is that there was no evidence to sustain the verdict as to the sorrel colt—it being the fourth stated in the motion. The evidence shows that at the date of the mortgage the sorrel colt belonged to William Wolf, the son-in-law of Steinfield, the mortgagor, but was then in the possession of Steinfield. It was included

in the mortgage as Steinfield's property, and McDonald then did not know but it was Steinfield's property, supposed it was. Afterwards Wolf wanted the colt released from the mortgage, or some other horse in its place, and, by agreement of McDonald, Steinfield and Wolf, Steinfield exchanged with Wolf a mare that was also in the mortgage, for the colt, and McDonald released the mare exchanged to Wolf from the mortgage. Steinfield testified that he put Wolf's colt in the mortgage because Wolf wanted it in. This makes the mortgage upon the colt good as against both Wolf and Steinfield, and McDonald's release of the mare does not affect his lien upon the colt. The evidence supports the verdict as to the colt.

The sixth reason insisted upon is error in striking out and refusing to require the jury to answer certain interrogatories.

The record does not show that the court struck out any of the interrogatories. It does not show that any objections were made in the court below to any of the answers to the interrogatories, or that the court was requested to require the jury to make any other or more full answers to the interrogatories. None of these questions having been raised in the court below, they can not for the first time be considered in this court.

The seventh, eighth and ninth reasons are for giving instructions of the court's own motion, for giving instructions asked by the plaintiff, and for refusing to give instructions asked by the defendants. The embracing in the transcript by the clerk of what purported to be the instructions given does not make them a part of the record; they are not embraced in a bill of exceptions; there is no order of the court making any of them a part of the record; the instructions purporting to be given by the court of its own motion are not signed by the judge; the instructions asked for by the plaintiff, and purporting to be given by the court, are not signed by plaintiff's counsel or the judge. The instructions asked for by defendants' counsel are signed by defendants' counsel and noted "refused and excepted to."

Berghoff v. McDonald.

The instructions said to be given by the court of its own motion, and the ones said to be asked for by the plaintiff and given by the court, are not properly in the record, and can not be considered. Busk. Prac. 105; *Smith* v. *Ratliff*, 74 Ind. 426.

In the case of *Jeffersonville, etc., R. R. Co.* v. *Cox*, 37 Ind. 325, it was held that under the 325th section of the code of 1852, when instructions asked and refused by the court were signed by the counsel asking them, and noted " refused and excepted to," that made them a part of the record, without their being signed or endorsed by the judge, embraced in a bill of exceptions or ordered by the court to be made a part of the record.

Under the aforesaid statute and decision of this court, the instructions asked by defendants' counsel must be considered a part of the record. But as the instructions given are not a proper part of the record, the instructions asked can not be considered. " For it might well be in such a case, and the record would show nothing to the contrary, that the court refused to give the instructions asked for because it had already given the substance thereof in its own language. The court's reasons for its refusal to give the instructions asked by the appellant are not stated or apparent, but the record does not exclude the legal presumption that they were refused for sufficient reasons." *Smith* v. *Kyler*, 74 Ind. 575,. 585. *Bowen* v. *Pollard*, 71 Ind. 177; *Stott* v. *Smith* , 70 Ind. 298; *Myers* v. *Murphy*, 60 Ind. 282.

The other errors assigned have not been referred to by appellant in his brief, and are considered waived. We find no available error in this record.

The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

ON PETITION FOR A REHEARING.

FRANKLIN, C.—Appellant in his brief upon his petition for a rehearing insists that the court erred in holding that the filing of an amended complaint, by leave of the court, and an answer thereto, took the original complaint and the answer thereto out of the record.

The amended complaint alone formed the basis of the trial. The answer to the original complaint was not a sufficient answer to the amended complaint, and could not be made to apply to it without being re-filed; but, in this case, instead of re-filing the old answer, a new answer was filed to the amended complaint, upon which the trial was had. There is no error in the holding that the original complaint and answer constituted no proper part of the record, and that appellant could not complain of a demurrer being sustained to said original answer, and we may add that appellant was not harmed by the ruling upon the demurrer to his first answer, for the reason that the same matters, in connection with others, were also pleaded in his second answer, upon which there was a trial. Appellant further insists that he was entitled to judgment, under his motion therefor, upon the answers of the jury to the third and sixth interrogatories, which show that he was acting as agent for Trentman, and had placed the property in the hands of the liveryman, to be taken to Fort Wayne before the writ of replevin was issued and served; that the action was in form *ex contractu*, and not *ex delicto*, and that, appellant being agent, judgment could not be rendered against him, but must be against Trentman, his principal, if against any person; and further, that he had parted with the possession of the property to the liveryman.

Appellant complains that his position stated above, in relation to the form of the action, was not discussed or passed upon in the original opinion herein. That the action of replevin for the unlawful taking or detention of personal property sounds in tort, and not in contract, we supposed was too

well understood to need discussion. *Rose* v. *Cash*, 58 Ind. 278. True, a party could waive the tort and sue in contract for the value of the property; but that was not done in this case. In torts the relation of principal and agent does not exist; they are all wrong-doers, and may be sued jointly or separately; and the liability of each and all does not cease until payment has been made, or satisfaction rendered, or something equivalent thereto.

Appellant took possession of the property, and placed it in the hands of the liverymen, and directed them to take it to Fort Wayne; appellee demanded it; they refused to surrender to him the possession, and started with it to Fort Wayne. Before they got out of the county with it the sheriff seized it under the writ of replevin. We think the possession of the liverymen must also be regarded as the possession of appellant. He was actively participating in the detention of the property, by its being done under his direction; and if he was acting under directions from Trentman, and he was not sued, that would not relieve appellant from liability for his tortious acts.

Appellant further insists that as the court sustained the several motions of the liverymen for judgment in their favor upon the special findings of the jury, it ought also to have sustained appellant's motion, for the reason that when judgment was rendered in their favor they ceased to be parties to the action, and the court then had no jurisdiction of appellant, there being no resident defendant in the county. We think this position can not be maintained. The liverymen did not cease to be parties to the action. They obtained a judgment against the appellee for costs, and remained in the action; but this is an objection to the judgment, and not to the overruling of appellant's motion for judgment in his favor upon the special findings of the jury. No objection was made to the form or substance of the judgment in the court below, nor is any such objection contained in any of the numerous assignments of error in this court.

The other objections to the original opinion are fully answered by the opinion. The petition for a rehearing ought to be overruled.

PER CURIAM.—The petition for a rehearing is overruled.