The Muncie National Bank *et al. v.* Brown.

No. 12,675.

THE MUNCIE NATIONAL BANK ET AL. *v.* BROWN.

CHATTEL MORTGAGE.—*Certificate of Acknowledgment.—Notary Public.—Use of Another's Seal.—Recording of Instrument.*—The fact that a notary public, in a certificate of acknowledgment to a mortgage, uses a plain notarial seal not his own, and differing somewhat in design from the one ordinarily used by him, does not affect the validity of the instrument nor render its recording illegal.

SAME.—*Breach of Official Duty.—Facts Constituting Must be Pleaded.*—In such' case, in order to entitle a party assailing the mortgage to avail himself of any breach of duty on the part of the officer in certifying the acknowledgment, it is necessary that the facts constituting the breach shall be affirmatively pleaded.

SAME.—*Instrument Perfect in Form.—Unverified Denial.*—Where the complaint to foreclose the mortgage avers that it was acknowledged and recorded, an unverified general denial only requires the plaintiff to produce an instrument showing on its face due execution, acknowledgment and registry.

SAME.—*Description.*—For a description of mortgaged personal property which is held to be sufficiently specific, see opinion.

SAME.—*Possession by Mortgagor.—Authority to Sell.—Fraud.*—Under the statutes of this State fraud is a question of fact, and can not be decided upon the face of a mortgage authorizing the mortgagor to retain possession and sell the mortgaged property.

SAME.—*Taking Personal Judgment.—Subsequent Foreclosure.*—A party who sues on a note and mortgage is not precluded from subsequently obtaining a decree of foreclosure by taking a personal judgment for the amount due, as such judgment does not merge or impair the mortgage security, and the lien continues until foreclosed.

SAME.—*Estoppel.*—One who accepts a chattel mortgage, in which it is stipulated that it is second and subsequent to another mortgage executed upon the same property, is estopped to assert that the prior mortgage was made with intent to defraud creditors.

PRACTICE.—*Striking Out Evidence.*—A party can not complain of the striking out of evidence, the admission of which was not authorized by his pleadings.

From the Delaware Circuit Court.

*A. C. Harris, W. H. Calkins, R. S. Gregory* and *A. C. Silverberg,* for appellants.

*C. E. Shipley* and *J. W. Ryan,* for appellee.

ELLIOTT, J.—Cornelia A. Brown brought this suit to fore-close a mortgage on real and personal property executed to her on the 31st day of January, 1885, by her husband, Francis M. Brown. The promissory notes which the mort-gage was executed to secure bear date January 13th, 1879, November 22d, 1879, January 22d, 1882, August 29th, 1883, and September 13th, 1884. The personal property is thus described in the mortgage: " The dry goods, carpets, hats, caps, clothing, notions, gentlemen and ladies' furnishing goods, queensware, groceries, and all other goods, wares and merchandise constituting the stock in trade heretofore owned by Francis M. Brown, and contained in the store-room and cellar belonging to and part of the west room on the street grade floor known as the Boyce block, on the north side of East Main street, in the city of Muncie, in said county and State; and, also, all of the wool, rags, feathers, and other country produce, and all of the show and display cases, and store furniture and fixtures, and gas fixtures, and all other property of whatever kind in the said store-room sit-uate as aforesaid, and all of the promissory notes and book accounts now owned by the said mortgagor, for indebtedness growing out of the mortgagor's mercantile business." It is recited in the mortgage, among other things, that " It is hereby stipulated expressly as the true intent of this mort-gage to prefer the said claim of the said Cornelia A. Brown, as herein described, over and above all other of the said Francis M. Brown's indebtedness." There is also in the mortgage this agreement: " It is agreed and understood by and between the parties to this mortgage that the said Francis M. Brown shall retain possession of all of said merchandise and personal property hereby mortgaged, and may continue selling and disposing of the said mortgaged merchandise for cash as heretofore, until all of said debts shall become due, or until such preference mortgagee, Cornelia A. Brown, shall de-mand possession thereof, which she may at any time hereafter do; but that said Francis M. Brown shall, at the end of each

and every calendar month hereafter, fully and honestly account for all of the proceeds of such sales, and, after deducting therefrom necessary expenses of conducting such business, shall pay over the remainder to the mortgagee."

Subsequent to the execution of the mortgage to the appellee, Francis M. Brown executed a mortgage to the Muncie National Bank, which it accepted with actual knowledge of the prior mortgage. The bank brought suit to foreclose its mortgage on the 2d day of February, 1885, and asked for the appointment of a receiver. In accordance with the prayer of the complaint, Marcus S. Claypool was appointed a receiver, and as such took possession of the store and goods. Cornelia A. Brown brought this suit after the bank had filed its complaint and secured a receiver. The mortgagor made default and damages were assessed against him. After this had been done the bank filed a cross-complaint, and in conjunction with the receiver filed a motion to set aside the default against Brown. At the same time the other appellants were admitted to defend and were allowed to assail the appellee's mortgage. The trial court sustained the motion to set aside the default as to Francis M. Brown and entered an order setting it aside.

The first proposition argued by appellant's counsel is thus stated : "The mortgage was not entitled to be put of record, and, therefore, was never recorded."

The argument of which this proposition is the foundation rests on the testimony of the notary public by whom the acknowledgment of Francis M. Brown was taken. From that testimony it appears that the notary borrowed a seal in 1871 and used it in authenticating his official certificates, but did not use it in this particular instance. The seal which he attached to the certificate annexed to the appellee's mortgage was obtained at the office where the mortgage was written. The designs of the seals are somewhat unlike, and the words differently arranged. The words of one are " Notary Pub-

lic. Seal. Indiana; " and those of the other are " Notary Public. Delaware Co., Ind."

It can not be assumed that there was no seal, since there was a seal actually impressed upon the paper. On the face of the instrument the certificate was perfect in form and in authentication. We can not, therefore, hold that there was no acknowledgment.

The utmost that can be asserted is, that the notary public did not do his duty as the law requires, by attaching the seal he was accustomed to use. He did, in fact, take the acknowledgment of the mortgagor; he did execute and sign the proper certificate, and he did affix a seal to the certificate. If the acknowledgment must be condemned, it is because the officer did wrong in using a seal not his own. No one can perceive how this breach of duty could have worked injury to any person in the world. Whether the one seal or the other was used did not add to or take from the certificate any real efficacy. If the notary two hours before the acknowledgment had thrown away his old seal and adopted another, certainly no real harm to any person could have been done. Nor is it easy to see how the mere use of one seal instead of another, where both are mere general seals, without any peculiar marks or names, could do anybody any harm. Courts ought not, as it seems to us, to strike down a mortgage for such a breach of duty unless the law imperatively requires it. We can not believe that the law requires such a result in a case where, as here, a notarial seal is used, although not the one the notary kept for use.

We have examined the cases of *Mason* v. *Brock*, 12 Ill. 273, *Buell* v. *Irwin*, 24 Mich. 145, *McKellar* v. *Peck*, 39 Texas, 381, *Hinckley* v. *O'Farrel*, 4 Blackf. 185, *Dumont* v. *McCracken*, 6 Blackf. 355, *Maxey* v. *Wise*, 25 Ind. 1, *Pope* v. *Cutler*, 34 Mich. 151, and *Wetmore* v. *Laird*, 5 Biss. 160, and our conclusion is that they are not of controlling force, for in none of those cases was the question presented as it is in the case before us. Here a notarial seal was actually

used, and the mistake of the officer consisted simply in using one not his own.

The case that most nearly approaches the present is that of *McKellar* v. *Peck, supra,* where the seal of the clerk was used; but, conceding that the decision there made was correct, which we doubt, it is obvious that it is not fully in point here. If there had been no seal at all, or if the seal had not been an appropriate notarial seal, a very different question would confront us. Even in such a case, however, it is doubtful whether the error was a fatal one, since there are very respectable authorities justifying the conclusion that the mistake was one that might be cured by amendment. *Jordan* v. *Corey,* 2 Ind. 385; *Hunter* v. *Burnsville T. P. Co.,* 56 Ind. 213; *Arnold* v. *Nye,* 23 Mich. 286; *Sonfield* v. *Thompson,* 42 Ark. 46.

If, however, we are wrong in our conclusion upon this point it would not change the result, for it would not lead to a reversal. There was no pleading attacking the certificate of the notary public, and, therefore, no issue under which a defence founded on the use of another's seal in attesting the certificate was available. There is a seal attached to the certificate, it is the seal of a notary public, and it has no peculiar marks indicating that it was not the seal of the officer by whom it was used. It is a general seal, and such as our law recognizes as valid. *Lange* v. *State,* 95 Ind. 114. The presumption is that the officer did his duty, and this presumption is aided by the indications apparent on the face of the instrument. In order to entitle the parties assailing the mortgage to avail themselves of any breach of duty on the part of the officer, it was necessary for them to affirmatively plead the facts constituting the breach.

It is true that the complaint avers that the mortgage was acknowledged and recorded, and that this averment is met by the general denial, but we do not think that this denial did more than to require the plaintiff to produce an instrument showing on its face due execution, acknowledgment and reg-

istry.  The presumption in favor of the official acts of the
notary, aided, as it was, by the indications on the face of the
instrument, made a *prima facie* case.  This *prima facie* case
stands until overthrown.  *Bates* v. *Pricket*, 5 Ind. 22.

It can not be overthrown, in any event, without some
pleading attacking the conduct of the officer, since all that
the general denial required of the plaintiff was the produc-
tion of an instrument perfect on its face and bearing the seal
and signature of an officer, apparently regular and in due
form.  We have many analogous cases in which it is held
that an unverified general denial does no more than impose
upon the plaintiff the duty of producing an instrument per-
fect in form.  These cases certainly apply where, as here,
there is neither imperfection nor irregularity apparent on the
face of the instrument, but where, in order to establish an
irregularity, it is necessary to investigate the official acts of
a public officer.  The case, therefore, is much stronger than
one in which the mistake or irregularity grows out of the
acts of a party.  It seems quite clear to our minds that such
a field of investigation ought not to be opened without an
affirmative pleading challenging the conduct of the officer
whose acts are assailed.  Any other rule would defeat the
purpose of our code, which, as is well known, is to require
such pleadings as will fairly inform a party what he is ex-
pected to meet.

Counsel thus state their second proposition : "The decree
for the sale of the property is void."

The argument made in support of this proposition is, that
the property was in the hands of a receiver, appointed by the
court in the suit brought by the bank.  Whatever of force
there might be if the point had first been appropriately made
in the trial court, there is none in it as made in this court.
It seems, indeed, that, under our decisions, the point would
not have been well taken in the trial court.  So far as the
complaint demanded a personal judgment against the mort-
gagor and a declaration of the lien of the mortgage, it was

undeniably good. *Ohio, etc., R. W. Co., v. Nickless*, 71 Ind. 271 ; *Fort Wayne, etc., R. R. Co.* v. *Mellett*, 92 Ind. 535; *Gilbert* v. *McCorkle*, 110 Ind. 215.

But, however this may be, we regard it as clear that the complaint can not be successfully attacked by the assignment of errors on the ground that the property was in the possession of a receiver. The mortgagee undoubtedly had a right to a judgment and to have her lien established, and to that extent, at least, if not to a much greater, her complaint was good. If good only to the extent stated, it would repel even a demurrer. *Bayless* v. *Glenn,* 72 Ind. 5. It certainly will, therefore, repel an attack made for the first time after the finding.

The third proposition of counsel is this : " The mortgage is void for uncertainty ; also, because it provides for continued possession."

Although the proposition is in form single, in substance it is double. The first proposition refers to the description of the mortgaged property. The question involved has often been before this court, and descriptions much less specific have been held sufficient. *Duke* v. *Strickland,* 43 Ind. 494; *Ebberle* v. *Mayer,* 51 Ind. 235; *Burns* v. *Harris,* 66 Ind. 536; *Zehner* v. *Aultman,* 74 Ind. 24. These decisions are well sustained. The authorities are collected in an article in 24 Central L. J. 339, where many cases very like the present will be found.

The second proposition involved in the general statement is based upon cases which hold that, where a mortgage clothes the mortgagor with authority to retain possession of the property and sell it in the ordinary course of business, it is fraudulent and void as to creditors. It is quite doubtful whether the mortgage of the appellee falls within those cases, since it provides that sales shall be made for the benefit of the mortgagee ; but we need not discuss this question, for, under our statute, fraud is a question of fact, and can not be decided upon the face of a mortgage authorizing the mortgagor to

sell the mortgaged property. We can not hold that a provision in a chattel mortgage vesting the right of disposition in the mortgagor vitiates the mortgage, for our statute and our decisions declare a very different rule. *McLaughlin* v. *Ward,* 77 Ind. 383; *Morris* v. *Stern,* 80. Ind. 227; *McFadden* v. *Hopkins,* 81 Ind. 459; *Louthain* v. *Miller,* 85 Ind. 161; *Berghoff* v. *McDonald,* 87 Ind. 549; *McFadden* v. *Fritz,* 90 Ind. 590; *Dessar* v. *Field,* 99 Ind. 548; *Stix* v. *Sadler,* 109 Ind. 254.

The fourth proposition of counsel is thus expressed : " Taking personal judgment for $15,490 merged the suit into that judgment."

We can not assent to this doctrine. We know of no principle upon which it can be held that a party who sues on a note and mortgage is precluded from obtaining a decree of foreclosure by taking a judgment for the amount due, in a case where the decree for the foreclosure is prevented by the interposition of intervening creditors.

We concede, as broadly as can be claimed, the rule that a party can not split his demands, but must recover in one action. *Crosby* v. *Jeroloman,* 37 Ind. 264; *City of Terre Haute* v. *Hudnut, post,* p. 542, and cases cited. But there was here no splitting of demands. There was one suit, and all the damages were assessed, so that the rule can have no application. We suppose it to be well settled that a personal judgment may be taken on a promissory note secured by a mortgage, in an independent action, and that a foreclosure of the mortgage may be secured in a subsequent suit. We can not conceive why a plaintiff may not enter a personal judgment on one day of the term, and on a subsequent day enter a decree of foreclosure, even in a case where the decree is not postponed by the action of intervening creditors. The judgment merges the cause of action so that no second judgment can be obtained, but it does not merge the mortgage security. The authorities go so far as to hold that the decree of fore-

closure does not merge the lien of the mortgage, although it merges the mortgage as a cause of action. *Teal* v. *Hinchman*, 69 Ind. 379 ; *Evansville, etc., Co.* v. *State, .ex rel.*, 73 Ind. 219 (38 Am. R. 129); *Manns* v. *Brookville Nat'l Bank,* 73 Ind. 243 (246) ; *Pence* v. *Armstrong,* 95 Ind. 191 (207) ; *Curtis* v. *Gooding,* 99 Ind. 45 (51).

But here there was no decree of foreclosure, so that there was not even a merger of the mortgage as a cause of action,. and surely the lien continued until foreclosed. If the lien continued until foreclosed, then it is not possible that it could have been merged by a simple personal judgment. A personal judgment can not drown the mortgage security; nothing but a decree of foreclosure can do so much, and until this drowning takes place there can be no merger. A personal judgment does not extinguish the mortgage lien, and until extinguished it is enforceable by a decree.

Counsel lose sight of the fact that in every case like this there are two distinct things—a debt, and the mortgage securing it. A personal judgment does not extinguish the debt, although it merges it as a cause of action. But while there is a merger of the debt in the personal judgment, the lien of the mortgage remains unaffected. The mortgage will sustain a suit for a decree of foreclosure although there may be a personal judgment. Until there is a foreclosure there is no judgment merging, or even impairing, the mortgage security.

The trial court sustained the motion of the appellee to strike out all evidence tending to prove that the mortgage executed to the appellee was fraudulent.

The Muncie National Bank is not in a situation to complain of this ruling, for in the mortgage which it accepted that executed to the appellee is recognized as valid. It is. recited in the former mortgage that " It is expressly stipulated herein that this mortgage is made second and subsequent to that of one executed to Cornelia A. Brown and John C. Jenners to secure the payment of certain of the in-

The Muncie National Bank *et al. v.* Brown.

debtedness of the said Francis M. Brown to them and each of them as described in said mortgage." Having treated the mortgage as a valid one, the bank can not be allowed to assail it on the ground that it was made with the intent to defraud creditors. *Barr* v. *Hatch,* 3 Ohio, 527; *Irwin* v. *Longworth,* 20 Ohio St. 581; Bump Fraud. Conv. 465.

The cross-complaint is good as against Francis M. Brown. It is not good as against the appellee so far as it attempts to charge her with fraud, but it is good in so far as it shows that she claimed an interest in the property in controversy. A demurrer to it was, therefore, properly overruled. But, in overruling this demurrer, the trial court did not decide that it would receive evidence tending to prove that the mortgage was executed to defraud creditors. A court in passing upon a demurrer does not decide in advance what evidence will or will not be received. Nor is a court bound to adhere to its decision, for it is well settled that it may reconsider a ruling on demurrer and rectify an error. It can not, therefore, be justly assumed that the court misled the appellants.

A party who files a bad pleading, and not the court, is in fault. The appellants were in fault in not making their cross-complaint sufficient for all that they desired it to accomplish, and we can not conceive how the trial court can with justice be censured for not giving them more than their pleading entitled them to demand. As there was no pleading entitling the appellants to introduce the evidence struck out, we can not condemn the ruling of the trial court.

Judgment affirmed.

Filed Dec. 3, 1887.