## STOUT v. PRICE, SHERIFF, ET AL.

[No. 2,922.   Filed Jan. 5, 1900.   Rehearing denied March 27, 1900.]

FRAUDULENT CONVEYANCES.—*Fraud Must be Found as a Fact.*—In an action to set aside a conveyance of property as fraudulent, the fraudulent intent must be found as a fact, and not simply facts and circumstances from which the intent to defraud might be inferred. *p. 363.*

CHATTEL MORTGAGES.—*Possession.—Sales.—Application of Proceeds. —Secret Trusts.*—An agreement in a chattel mortgage that the

Stout v. Price.

mortgagor shall continue in possession of the property, and sell it in the usual course of business, the net proceeds tò be applied in discharge of the mortgage debt, does not create a trust in the mortgagor's favor.  *pp. 364-366.*

CHATTEL MORTGAGES.—*Possession by Mortgagor.—Sale of Goods.— Application of Proceeds.*—Where a mortgagor retains possession of mortgaged chattels, and continues to sell them, it will be presumed, until the contrary is shown, that he does so under an agreement to account as the mortgagee's agent, and the proceeds will be regarded as applied to the mortgage debt whether they have been paid over or not.  *p. 366.*

SAME —*Possession.—Sales.—Secret Trusts.*—Where a mortgagor executed a chattel mortgage to his father on a stock of goods and continued to sell the goods at retail, and retained enough goods and money from the stock to support himself and family, with the knowledge and consent of the mortgagee, which amount so used was not applied as a credit on the mortgage debt, a secret trust was thereby created which rendered the mortgage void within the meaning of §6646 Horner 1897 as against creditors.  *pp. 366-368.*

From the Rush Circuit Court.  *Affirmed.*

*Henry Warrum, W. R. Gardiner, C. E. Barrett, E. A. Brown, J. M. Stevens* and *J. A. Titsworth,* for appellant. *F. T. Hord* and *L. Perkins,* for appellees.

ROBINSON, J.—On October 15, 1897, Eugene L. Floyd signed a note to his father, Arthur W. Floyd, for $1,750, due one day after date, and, to secure its payment, executed two mortgages on a stock of groceries and other articles of merchandise, possession of which he retained. The mortgages were recorded the day following. The note was delivered October 20, 1897. On October 16, 1897, E. L. Floyd signed a bill of sale for the same goods to A. W. Floyd as additional security for the same indebtedness, which bill of sale was not recorded, and was delivered October 20, 1897, E. L. Floyd still retaining possession. November 13, 1897, appellee took possession of the property by levy under an execution against E. L. Floyd, and on the same day a constable levied on the same goods under executions against him. These executions were issued upon

judgments collectible without relief from valuation or appraisement laws. November 15, 1897, E. L. Floyd executed his note for $407.78 to appellant, due in three days, and mortgaged the same property to him to secure its payment; and on the same day A. W. Floyd assigned to appellant the two mortgages and bill of sale above mentioned. November 13, 1897, E. L. Floyd filed with the sheriff and constable schedules claiming the property was not worth $600 over and above the $1,750 indebtedness to A. W. Floyd. The officers refused to turn the property back as exempt from execution, but offered to turn back any part, not exceeding $600, which E. L. Floyd might select, which selection he refused to make. That the property was of the value of $1,350, exclusive of liens, but was worth nothing above the purported mortgages. There is due on the writs held by the officers $794.39. November 16, 1897, E. L. Floyd executed to appellant a bill of sale for the goods, which were then in the sheriff's possession. After the levies the officers advertised the property for sale, but before the sale appellant brought this action in replevin. E. L. Floyd was the owner and in possession of the goods from October 15, until the officers levied. During that time, with the knowledge and consent of A. W. Floyd, he continued to carry on the business of selling at retail, and, with A. W. Floyd's knowledge and consent, retained from the proceeds of the sales enough goods and money to support himself and family, the amount not definitely agreed upon between E. L. and A. W. Floyd, but not to exceed $10 per week, which amount so used was not to be applied as a credit upon the mortgage indebtedness, or to the payment of the note held by A. W. Floyd, and was not so applied.

The court stated conclusions of law upon the above facts: That the two mortgages to A. W. Floyd are void as against appellees by reason of the secret trust created between E. L. and A. W. Floyd, whereby E. L. Floyd was permitted to use a portion of the proceeds of the mortgaged property

for his own use and benefit; that the bill of sale was a mortgage, and was void as against appellees; that appellant take nothing as against appellees by the bill of sale and mortgage executed to him; that the sheriff is entitled to the possession of the property, and that the lien of the execution levied by the sheriff is a first lien, and the liens of the executions levied by the constable are valid liens, second only to the lien of the execution levied by the sheriff; that appellees are entitled to a judgment for the return of the property, or so much as is necessary to satisfy such executions.

Appellant has no lien superior to the levy by the officers unless he acquired it through the mortgages to A. W. Floyd. If those mortgages were void, the judgment of the trial court must stand. By our statute of frauds and perjuries it is provided that the question of fraudulent intent, in all cases arising under the provisions of that act, shall be deemed a question of fact. Under this statute it has been long and often declared that as the presumption is always in favor of honesty and fair dealing, and against bad faith, fraud is a question of fact which must be proved, and can not be presumed, and that in cases of fraudulent intent there is no such thing as fraud in law. §6649 Burns 1894, §4924 Horner 1897; *Stewart v. English*, 6 Ind. 176; *Morgan v. Olvey*, 53 Ind. 6; *Rose v. Colter*, 76 Ind. 590; *Caldwell v. Boyd*, 109 Ind. 447; *Phelps v. Smith*, 116 Ind. 387; *Wallace v. Mattice*, 118 Ind. 59; *Cicero Tp. v. Picken*, 122 Ind. 260; *Parke Co. Coal Co. v. Terre Haute, etc., Co.*, 129 Ind. 73; *Bank v. Findley*, 131 Ind. 225; *Hutchinson v. Bank*, 133 Ind. 271; *Fulp v. Beaver*, 136 Ind. 319; *Rockland Co. v. Summerville*, 139 Ind. 695; *Bruner v. Brown*, 139 Ind. 600; *First Nat. Bank v. Dovetail, etc., Co.*, 143 Ind. 550.

It is also provided that a conveyance or assignment of goods made or suffered with the intent to hinder, delay, or defraud creditors of their lawful damages shall be void as to the persons sought to be defrauded, §6645 Burns 1894,

§4920 Horner 1897, and that a conveyance, transfer, or assignment of goods made in trust for the use of the person making the same shall be void as against creditors. §6646 Burns 1894, §4921 Horner 1897.

Although fraudulent intent is a question of fact, and can not be presumed, it does not follow that fraud must be proved by positive evidence. If there is no evidence, a court or jury can not presume fraud, but they may infer or presume that the transaction is a fraudulent one from the facts and circumstances proved. And so whether a thing was done with fraudulent intent is a question of fact, and this intent may be inferred from facts and circumstances proved. But, in any event, in all such cases the court or jury must find the fact itself, and not simply find the facts and circumstances from which the intent to defraud may be inferred. In the case at bar the court has not found as a fact that the mortgages were made with intent to defraud, and, no matter how many *indicia* of fraud the finding may contain, the ultimate fact should have been stated. *Stix* v. *Sadler*, 109 Ind. 254; *Tucker* v. *Conrad*, 103 Ind. 349; *Elston* v. *Castor*, 101 Ind. 426, 445, 51 Am. Rep. 754; *Dessar* v. *Field*, 99 Ind. 548; *McFadden* v. *Fritz*, 90 Ind. 590; *Berghoff* v. *McDonald*, 87 Ind. 549; *Louthain* v. *Miller*, 85 Ind. 161; *Jarvis* v. *Banta*, 83 Ind. 528; *McFadden* v. *Hopkins*, 81 Ind. 459; *Morris* v. *Stern*, 80 Ind. 227; *McLaughlin* v. *Ward*, 77 Ind. 383; *Goff* v. *Rogers*, 71 Ind. 459.

But do the findings show that the goods were mortgaged to the mortgagee in trust for the use of the mortgagor? If they do, then fraud may be pronounced as an inference of law, because the statute has made such a conveyance fraudulent and void as against creditors of the mortgagor. Section 6649, (4924), *supra*, makes the question of fraudulent intent one of fact. Section 6645 makes void a conveyance or transfer made with intent to defraud creditors. This intent is a fact, and must be so found. But section 6646,

Stout *v.* Price.

(4921), *supra,* makes void a conveyance or transfer made in trust for the use of the person making it. The fact to be found thereunder is not that it was made with intent to defraud, but, was it made in trust for the use of the party making it? This section says nothing about fraud or fraudulent intent, but it does say that, if made in trust for the use of the party making it, it is void. If it be the fact that it was so made in trust, the statute makes it void. The existence of the trust is the fact to be found, and the resultant fraud is an inference of law. The question of intention is not in issue. If the transfer or conveyance is made in trust for the use of the person making it, it is merely nominal, and the property is still the property of the person making the transfer. A party knowingly accepting such a conveyance or transfer will not be protected against antecedent or subsequent creditors of the person making it. In Bump, Fraud. Con. (3rd ed.) 326, it is said: "If a conveyance is merely colorable, and a secret trust and confidence exist for the benefit of the grantor, it is void not only against precedent but subsequent creditors, for it is in such a case a continuing fraud, and may actually operate as such as well in reference to debts contracted after as before the conveyance. Property conveyed in trust is still the property of the grantor for every beneficial purpose, and the secret trust in a conveyance tainted with actual fraud renders the property liable to subsequent creditors." *Plunkett* v. *Plunkett,* 114 Ind. 484.

It is the law that an agreement in a chattel mortgage that the mortgagor shall continue in possession of the property, and sell it in the usual course of business, the net proceeds to be applied in discharge of the mortgage debt, does not create a trust in the mortgagor's favor; and in such case, if the mortgagor fails so to apply the proceeds, the law will make the application to protect other creditors. *New* v. *Sailors,* 114 Ind. 407; *Fletcher* v. *Martin,* 126 Ind. 55; *Mayer* v. *Feig,* 114 Ind. 577; *Hills* v. *Stockwell,* 23 Fed.

432; *Muncie Nat. Bank* v. *Brown,* 112 Ind. 474; *Brackett* v. *Harvey,* 91 N.Y. 214; *McLaughlin* v. *Ward,* 77 Ind. 383; *Stix* v. *Sadler,* 109 Ind. 254; *Dessar* v. *Field,* 99 Ind. 548; *McFadden* v. *Hopkins,* 81 Ind. 459; *Morris* v. *Stern,* 80 Ind. 227; *Lockwood* v. *Harding,* 79 Ind. 129.

And where a mortgagor retains possession of mortgaged chattels, and continues to sell them, it will be presumed, until the contrary is shown, that he does so under an agreement to account as the mortgagee's agent, and the proceeds will be regarded as applied to the mortgage debt, whether they have been paid over or not. And it is held that this is the limit to which presumption in favor of good faith will be carried under §6649 Burns 1894, §4924 Horner 1897; *New* v. *Sailors,* 114 Ind. 407. The doctrine declared in *Mobley* v. *Letts,* 61 Ind. 11, in so far as it conflicts with the above, was overruled in *McFadden* v. *Fritz,* 90 Ind. 590.

The mortgages, on their face, were regular, and contained nothing showing a fraudulent intent, or that a trust for the use of the mortgagor had been created. The facts found, however, show that the mortgagor kept possession, and, with the mortgagee's knowledge and consent, continued to sell the goods at retail, and retained enough goods and money from the stock to support himself and family; the amount not agreed upon, but not to exceed $10 per week, which amount so used was not to be applied as a credit on the mortgage debt, and was not so applied.

The question thus presented is not whether the findings show fraud in fact, but whether they show such fraud in law as invalidates the mortgages. This agreement between the mortgagor and mortgagee made the mortgages void as to the mortgagor's unpreferred creditors. A trust for the use of the mortgagor was thus secretly created, which placed beyond the reach of the creditors a substantial right, and gave the mortgagor the benefit of what rightfully belonged to them. This secret reservation entered into, and was a

part of, the contract between the parties, and the question is not whether much or little was reserved to the mortgagor, but, was there a reservation of a substantial interest for his benefit. *Lukins* v. *Aird*, 6 Wall. 78. Under the agreement made, it was possible for the mortgagor to use the greater part, if not all, of the stock for his own benefit, with the debt still unpaid in whole or in part. The reservation made could have no other effect than to hinder or delay creditors of the mortgagor. It was expressly agreed that the amount so reserved should not be applied on the debt. Such a reservation to the mortgagor is alike inconsistent with an absolute transfer of the property and with the nature of such a security. Good faith to other creditors requires that the mortgagor in such case should part with all right to appropriate the property or any substantial part of it to his own use during the existence of the lien.

In *New* v. *Sailors*, 114 Ind. 407, it is said: "Although a mortgage may be valid on its face, if it appears that there was a secret agreement or implied understanding that the mortgagor might continue to sell the property as his own, with the right to support himself and family out of the sales, without accounting for the proceeds, such an arrangement or understanding is, in effect, a secret trust for the benefit of the mortgagor, and is void as to creditors, within the terms of §4921 R. S. 1881. *Anderson* v. *Patterson*, 64 Wis. 557, 25 N. W. 541; *Bannon* v. *Bowler*, 34 Minn. 416, 26 N. W. 237; *Greenebaum* v. *Wheeler*, 90 Ill. 296: A secret trust being thus established, fraud becomes an inference of law. *Wilson* v. *Sullivan*, 58 N. H. 260. A debtor can not convey real estate or transfer personal property to another, to be held either wholly or in part upon a secret trust for his own benefit. *Moore* v. *Wood*, 100 Ill. 451; *Lukins* v. *Aird*, 6 Wall. 78."

In *Mayer* v. *Feig*, 114 Ind. 577, the doctrine in *New* v. *Sailors*, *supra*, is recognized,—that, if the mortgagor is authorized to dispose of the property substantially for his

own benefit, in such a case a trust is created for his use. We think the above cases are conclusive of the question in this State. See also *Coolidge* v. *Melvin*, 42 N. H. 510; *Wilson* v. *Sullivan, supra; Greenebaum* v. *Wheeler, supra.*

Judgment affirmed. Henley, J., took no part in this opinion.

### ON PETITION FOR REHEARING.

PER CURIAM.—A debtor may claim his exemption at any time before sale. Neither the judgment of the trial court nor the original opinion affirms or denies the right of any particular debtor to his exemption. See *Robinson* v. *Hughes*, 117 Ind. 293; *State* v. *Read*, 94 Ind. 103.

Petition overruled.