## HAMRICK, ASSIGNEE, ET AL. *v.* HOOVER.

[No. 6,099. Filed March 19, 1908.]

1. TRIAL.—*Conclusions of Law.—Exceptions.*—An exception to the conclusions of law upon a special finding of facts admits, for the purposes of such exception, that the facts within the issues have been correctly and fully found. p. 414.

2. CHATTEL MORTGAGES.—*Trusts for Mortgagor.—Fraud.—Presumptions.*—In the absence of any agreement in a chattel mortgage that the mortgagor shall, or shall not account to the mortagee for mortgaged goods sold, by the mortgagor, no inference arises that such mortgage is fraudulent and therefore void. p. 414.

3. TRIAL.—*Burden of Proof.—Chattel Mortgages.—Fraud.*—The burden of proving that a chattel mortgage is fraudulent as a trust in favor of the mortgagor is upon the party alleging same. p. 414.

4. SAME.—*Special Findings.—Chattel Mortgages.—Fraud.*—Special findings showing that a chattel mortgage was executed upon a stock of goods, and failing to show that there was any agreement that the mortgagors should sell such stock and apply the proceeds to their own benefit, or that they were selling such stock without accounting therefor to the mortgagee, or that the assignee of the mortgagors did not have all of the stock so mortgaged, do not show that such mortgage was fraudulent. p. 415.

5. NEW TRIAL.—*Special Findings.—Failure to Find Certain Facts. —Failure of Evidence to Support.*—The failure of the court to find certain facts alleged to have been proved, or the failure of the evidence to support certain findings, does not constitute a ground for a new trial. p. 415.

6. TRIAL.—*Special Findings.—Failure to Find.—Effect.*—The failure to find an alleged fact is a finding against the party having the burden of proof thereon. p. 416.

7 CHATTEL MORTGAGES.—*Foreclosure.—Fraud.*—The foreclosure, in favor of the mortgagee, of a chattel mortgage on a stock of goods in the possession of an assignee of the mortgagors, is not prejudicial to such assignee, where such mortgagee was the only creditor, even though such mortgagors did not account to such mortgagee for sales made from the stock, such assignee taking the title to such goods in trust for the benefit of creditors. p. 416.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Suit by William H. Hoover against Ambrose D. Hamrick and others. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Elias Bundy,* for appellants.

*S. M. Sayler,* for appellee.

MYERS, J.—In the court below appellee sued appellants to foreclose an indemnifying mortgage executed to him by Artemus O. Souers and John S. Hoover, covering a stock of furniture in the town of Van Buren, Indiana, and owned by them as partners, and which they were engaged in selling at retail. The second paragraph of the complaint was answered by Hamrick, as assignee of Souers, by a general denial and by an affirmative paragraph averring that the mortgagors, Souers and Hoover, were, by the terms of said mortgage, to keep possession of the mortgaged property and sell any part thereof at retail without any agreement, in the mortgage or otherwise, to account to the mortgagee or to any person in his behalf for the proceeds of sales so made, and that sales were made and the proceeds thereof appropriated by the mortgagors to their own use. A reply in denial formed the issues submitted to the court for trial. Souers and Hoover made default. At the request of appellant

Hamrick the court found the facts specially and stated conclusions of law thereon. In substance, the findings are that on March 8, 1904, Souers and John S. Hoover were partners and were engaged in selling furniture in the town of Van Buren, Indiana. On said day said firm, with William H. Hoover as surety, borrowed from William Chopson $2,000, and executed to him their promissory note therefor. Said $2,000 was used in paying the debts of said firm. On March 9, 1904, Souers and John S. Hoover executed to appellee a chattel mortgage on their stock of furniture to indemnify the latter against loss by reason of his said suretyship, and said mortgage was on said last date duly recorded. Said mortgage conveyed to William H. Hoover the then existing stock of goods and articles thereafter purchased and added thereto. Except $160, interest, no part of the Chopson note has been paid. The principals on said Chopson note are insolvent. The mortgage provides that, in the event the mortgaged property shall come into the hands of any assignee, the mortgagee shall have the right to take immediate possession of the property. Said property is in the hands of Hamrick as assignee. "There has never been any arrangement or agreement between the mortgagors and mortgagee, whereby the proceeds of sales of the mortgaged property should be applied in payment of the mortgage debt. William H. Hoover had no knowledge, nor does he now have, as to how the proceeds were applied." There is due on the note to Chopson $2,098.66, and appellee is liable to Chopson for the same.

Upon the facts found the court stated as conclusions of law: (1) "Plaintiff is entitled to judgment against Souers and John S. Hoover for $2,098.66 and costs; (2) plaintiff is entitled to possession of the mortgaged property, and to have it sold by the sheriff and the proceeds applied to the judgment." Hamrick reserved exceptions to the conclusions of law, and over his motion for a new trial judgment was rendered in favor of appellee. Hamrick, as assignee, appeals

and assigns that the court erred (1) in its conclusions of law; (2) in overruling his motion for a new trial.

Exceptions to conclusions of law admit that the facts within the issues have been correctly and fully found. *Adams* v. *Pittsburgh, etc., R. Co.* (1905), 165 Ind. 648; *Dinius* v. *Lahr* (1905), 36 Ind. App. 425. Upon•this admission appellant Hamrick argues that the findings bring this case within §7480 Burns 1908, §4921 R. S. 1881, and that, therefore, the mortgage is void for fraud to be pronounced as an inference of law. Citing *Stout* v. *Price* (1900), 24 Ind. App. 360; *New* v. *Sailors* (1888), 114 Ind. 407, 5 Am. St. 632. In *Stout* v. *Price, supra,* it is held that if the mortgage was made in trust for.the party making it it is void, but the existence of the trust must be found as a fact. In *New* v. *Sailors, supra,* it is held that ''a duly recorded chattel mortgage, given to secure an honest debt, even though it contains a stipulation authorizing the mortgagor to retain possession and sell, will not be presumed fraudulent as against creditors; and, therefore, until the contrary is shown, the law will intend an agreement that the mortgagor should sell as the agent of the mortgagee and account to him for the proceeds. If, however, it appears that there was an understanding that the mortgagor was not to account, but that he might deal with the property to all intents and purposes as if it were his own, an inference of fraud arises, which renders the mortgage void. Such an understanding may appear by proof of an oral agreement, or it may be inferred from the fact that the mortgagor made sales of the property and used the proceeds, with the knowledge of the mortgagee, without being asked or required to account.'' Under the ruling announced in the cases cited by appellant Hamrick we think it clear, when applied to the case at bar, that the burden was upon such appellant to establish as a fact that the mortgage was a conveyance of the property to the mortgagee in

trust for the use and benefit of the mortgagors.   No such
fact is found.   There is no finding that appellee held
4.   the property in trust for the benefit of the mortgagors.
There is no finding that the mortgagors sold any of
the property and applied the proceeds to their own use.
There is no finding of any arrangement or secret agreement
whatever between the parties to the mortgage relative to the
proceeds from the sale of any of the property so transferred.
There is no finding that Hamrick, as assignee of Souers, is
not in possession of all the property originally mortgaged.
With this state of the record, and bound by the ultimate
facts as found (*Bradway* v. *Groenendyke* [1899], 153 Ind.
508; *Coffinberry* v. *McClellan* [1905], 164 Ind. 131; *Tal-
bott* v. *English* [1901], 156 Ind. 299), the presumption of a
good-faith transaction is not overcome, and the conclusions
of law as stated by the trial court must be sustained.

The reasons assigned in support of appellant Hamrick's
motion for a new trial are (1) that the court erred in fail-
ing to find certain specified facts; (2) that special
5.   finding seven is not sustained by sufficient evidence.
In *Scott* v. *Collier* (1906), 166 Ind. 644, 648, it is held
"that certain enumerated findings are not sustained by suf-
ficient evidence, etc., is not a proper assignment in a motion
for a new trial, and therefore must be rejected." In *Sievers*
v. *Peters, etc., Lumber Co.* (1898), 151 Ind. 642, the court, in
passing on the question of insufficient evidence to support
answers to certain special interrogatories, held that such an
assignment presented no question for decision.  The court in
that case referred to certain decisions "cited to support the
contention that a new trial will be granted when the an-
swers to interrogatories are not sustained by the evidence,"
and said that in such case, "the cause assigned for a new
trial should be, not that the answers to the interrogatories
are not sustained by the evidence, but that the verdict is not
sustained by the evidence."   The burden of proving the

facts which appellant Hamrick says the court failed to find rested upon him, and such failure will be construed as a finding against said appellant. *Banner Cigar Co.* v. *Kamm & Schillinger Brew. Co.* (1896), 145 Ind. 266, 269.

If we should infer from the evidence that Artemus O. Souers was the sole owner of the stock of goods at the time the assignment was made, still there is no evidence disclosed by the record that either Souers, or John S. Hoover, was indebted to any other person than Chopson, and, if this be true, the only person who possibly could have been injured by reason of a failure to account for the proceeds of sales under the facts was appellee, and as Hamrick, by virtue of the deed of assignment, took the title to the goods in trust for the benefit of the creditors, the appellee being the only creditor, the record fails to disclose any error for which the judgment should be reversed.

Judgment affirmed.