Mayer *et al. v.* Feig *et al.*

No. 13,304.

MAYER ET AL. *v.* FEIG ET AL.

CHATTEL MORTGAGE.—*Mortgagor in Possession.—Sale of Property.—Trust.*—
An agreement between the mortgagee and mortgagor in a chattel mort-
gage that the latter shall continue in possession and sell the property
in the usual course of business, the net proceeds to be applied upon the
mortgage debt, does not create a trust, under section 4921, R. S. 1881, in
favor of the mortgagor.

SAME.—*Application of Proceeds of Sales to Mortgage Debt.*—When such an
agreement has been entered into, and the mortgagor fails, either in
whole or in part, to apply the proceeds as stipulated, the law will make
the application when necessary for the protection of other creditors.

SAME.— *When Trust is Created.*—It is only when the mortgagor is author-
ized to dispose of the mortgaged property substantially for his own
benefit that a trust is created for his use.

SAME.—*Complaint by Creditors to Set Aside.—Evidence.*—A complaint by
creditors to set aside a chattel mortgage alleged to have been executed
by their debtor with fraudulent intent, states a case under section 4920,
R. S. 1881, but is not sustained by evidence that the transaction, by a
subsequent agreement between the mortgagor and mortgagee, had been
changed into a mere conveyance of the property in trust for the use of
the former, thus making a case under section 4921.

From the Elkhart Circuit Court.

*J. M. Vanfleet,* for appellants.

*H. C. Dodge,* for appellees.

NIBLACK, J.—On the 9th day of October, 1884, Jacob
Feig, of the city of Elkhart, in this State, executed to his
father, Isaac Feig, of the city of New York, a chattel mort-
gage on a stock of clothing and other merchandise kept for
sale in a particularly described building in said city of Elk-
hart, to secure the payment of the aggregate sum of $3,-
926.20.

The mortgage stipulated that the mortgagor should remain
in possession of the mortgaged property until some one of
several enumerated contingencies might happen.   The mort-

gage further stipulated that the mortgagor should keep an accurate account of all sales made by him of the mortgaged property, and that, after deducting the expenses of caring for and selling the same, he should weekly pay over to the mortgagee what remained of the proceeds, until the mortgage debt should be fully paid.

In April, 1885, Nathan Mayer, Burchard Engel and Isaac Livingston, composing the firm of Mayer, Engel & Co., and Isaac S. Straus and Henry Myer, constituting the firm of Straus & Myer, judgment creditors of Jacob Feig, commenced this suit against him and his said father, Isaac Feig, to set aside and cancel the mortgage executed as above, upon the ground that the same was executed for the purpose of hindering, delaying and defrauding the other creditors of Jacob Feig, and especially the plaintiffs, and that such mortgage was designed to be used as a " cloak and cover " for the benefit of him, the said Jacob Feig, in inducing his creditors to accept unfair terms of compromise in the adjustment of his indebtedness.

The circuit court, after hearing the evidence, came to the conclusion that it did not support the material allegations of the complaint, and accordingly gave judgment for the defendants.

It was made to appear by the evidence that the mortgaged property comprised all the property owned by Isaac Feig when the mortgage was given, and that it was probably not sufficient to pay the mortgage debt; that, after the mortgage was executed, it was agreed between Jacob Feig and his father that he, the said Jacob, should remain in possession, and continue to sell and dispose of the mortgaged property, as he had theretofore done, being required to pay over from time to time to him, the said Isaac Feig, as the mortgagee, the net proceeds of all sales made in pursuance of such agreement; that at the time of the trial the said Jacob had realized from sales made by him the gross sum of $1,681.25, out of which he had paid $400 on the mortgage; that he had re-

tained and applied to his own use sums as follows: In November, 1884, $23; in December, 1884, $21; in January, 1885, $40; in February, 1885, $8, and in March, 1885, $21; that he had used the remainder of such gross sum in the payment of expenses in taking care of and selling the property.

There was also evidence tending to show that Isaac Feig knew that Jacob Feig had no means of living without using some part of the proceeds arising from the sale of the mortgaged property.

In the prosecution of this appeal the only claim made is, that upon the evidence the finding and judgment ought to have been in favor of the plaintiffs below.

Sections 4920 and 4921, R. S. 1881, are as follows:

"4920. All conveyances or assignments, in writing or otherwise, of any estate in lands, or of goods, or things in action, every charge upon lands, goods, or things in action, and all bonds, contracts, evidences of debt, judgments, decrees, made or suffered with the intent to hinder, delay, or defraud creditors, or other persons of their lawful damages, forfeitures, debts, or demands, shall be void as to the persons sought to be defrauded.

"4921. All deeds of gift, conveyances, transfers, or assignments, verbal or written, of goods or things in action, made in trust for the use of the person making the same, shall be void as against creditors, existing or subsequent, of such person."

Counsel for the plaintiffs impliedly admits that the evidence did not make a case against the defendants, under section 4920, above set out, but contends that it did establish the fact that the mortgage was executed for the purpose of creating a secret trust in favor of Jacob Feig, and hence as a conveyance in trust for his use which, under the provisions of section 4921, *supra,* was void as against the plaintiffs, without reference to the question of fraudulent intent, and however just the mortgage debt may have been.

We are unable to concur in this latter view of the evi-

dence.    An agreement between the mortgagee and mort-
gagor in a chattel mortgage that the latter shall continue in
possession of the mortgaged property, and sell and dispose
of the same in the usual course of business, the net proceeds
to be applied in discharge of the mortgage debt, does not
create either a secret or an open trust in the property in
favor of the mortgagor.    When such an agreement has been
entered into, and the mortgagor fails, either in whole or in
part, to apply the proceeds accordingly, the law will make
the application, when necessary for the protection of the in-
terests of other creditors.    It is only when the mortgagor is
authorized to dispose of the property substantially for his
own benefit that, in such a case, a trust is created for his
use.    *Muncie Nat'l Bank* v. *Brown,* 112 Ind. 474; *New* v.
*Sailors, ante,* p. 407; *Wilson* v. *Sullivan,* 58 N. H. 260;
*Gibbs* v. *Parsons,* 6 Atlantic Rep. 93.

Then, too, the complaint upon which the plaintiffs relied
at the trial made the gravamen of the suit depend upon the
alleged fraudulent intent with which the mortgage was ex-
ecuted, thus making a case against the defendants under sec-
tion 4920 of the statute.

Conceding, therefore, that the evidence tended to prove
that, by some subsequent agreement or understanding between
the parties, independent of and inconsistent with the stipula-
tions of the mortgage, the transaction had been changed into
a mere conveyance of the property in trust for the use of
Jacob Feig, such proof did not support the gravamen of the
complaint.

Evidence of such a subsequent agreement or understand-
ing tended only to make out a case under the provisions of
section 4921, to which we have referred, which, as has been
seen, was a case essentially different from the one presented
by the complaint.    R. S. 1881, section 393; *City of Hunting-
ton* v. *Mendenhall,* 73 Ind. 460.

The judgment is affirmed, with costs.

Filed May 19, 1888.