Banner Cigar Co. *et al. v.* Kamm & Schillinger Brewing Co. *et al.*

---

THE BANNER CIGAR CO. ET AL. *v.* KAMM & SCHILLINGER BREWING CO. ET AL.

[No. 17,754.   Filed June 10, 1896.]

APPEAL AND ERROR.—*Exceptions to Ruling of Trial Court.*—Where no exception was taken to the action of the trial court, no question in relation thereto can be presented on appeal.

SAME.—*Special Finding.*—*Motion to Modify.*—*New Trial.*—*Practice.* —Where a special finding omits material facts, the remedy is by motion for new trial and not by motion to modify.

SAME.—*Time Allowed for Filing Bill of Exceptions.*—*New Trial.*— Where at the time of entry of judgment the court allows 90 days in which to file bill of exceptions, and within the term a motion for a new trial is made, the exceptions upon which such motion is predicated, is carried forward to the time of the ruling on such motion.

CHATTEL MORTGAGE.—*Sale of Mortgaged Property.*—Where a chattel mortgage is executed covering a stock of goods, furniture and fixtures, without the privilege of selling, an action cannot be maintained to declare the mortgage satisfied, on the ground that the mortgagor had remained in possession and sold goods, the net proceeds of which exceeded the amount of the mortgage, where it is not shown that the goods were the goods mortgaged.

APPEAL.—*Evidence.*—The question of weighing evidence and passing upon the conflict thereof is for the trial court.

From the Elkhart Circuit Court.   *Affirmed.*

*H. C. Dodge,* for appellants.

*J. S. Dodge* and *O. Z. Hubbell,* for appellees.

HACKNEY, J.—The appellants were execution creditors of the appellee, William J. Stamp, and as such instituted this suit to declare paid and satisfied a cer-

Banner Cigar Co. *et al. v.* Kamm & Schillinger Brewing Co. *et al.*

tain chattel mortgage, executed by said appellee to his co-appellee, the brewing company, and which, upon its face, appeared to take precedence of appellants' executions.

At the trial the appellants demanded a special finding, and thereafter, on March 9, 1894, the judge filed in open court what purported to be a statement of facts in said cause, but without conclusions of law drawn therefrom or otherwise stated. At the same term of the court, and without objection or exception, the court entered an order, setting aside said statement of facts, or alleged special finding. Thereafter, and on the 2d day of the succeeding May term of court, a special finding of facts with conclusions of law was filed and entered by the court in said cause, without objection or exception from any of the parties to the filing and entering thereof. Upon said special finding, and on the day of the filing thereof, judgment was duly entered in favor of the appellees, said day being May 2, 1894, and the court granted ninety days from that day in which to file bills of exception.

On the 22d day of May, 1894, the appellants filed two certain motions, to require the amendment of said special finding, in the statement of additional facts, which motions were, by the court, overruled, exceptions were taken and the motions brought into the record by a bill of exceptions, on that day filed. The same bill of exceptions recited the action of the court in setting aside said statement of facts, but disclosed no exception to the court's action.

On the 26th day of June, 1894, the 32d day of the May term, the appellants filed their motion for a new trial of said cause, but no ruling was had thereon until October 1, 1894, the first day of the October term of said court, when said motion was overruled, an exception taken, and a general bill of exceptions filed.

The record discloses that this bill of exceptions was presented to the judge, for allowance and signature, on the 11th day of September, 1894.

The first question discussed, we state in the language of counsel for the appellant: "I will first present the second ground for a new trial, namely, that the decision of the court was contrary to law, and I shall apply what I say upon that question to the second assignment of error, challenging the right of the court to set aside his special finding of facts, signed and spread upon the records, and to find an entirely new set without another trial. I was not entirely sure of the practice, whether that action should be ground for motion for a new trial, or an original assignment of error, and for that reason I present it both ways."

It will be observed that, from this argument, the second cause assigned for a new trial and the second assignment of error, in this court, involve the same question, namely: the right of the trial court to set aside the finding of facts and thereafter to file a special finding. Objection is made to a consideration of this question, because of the failure of the appellants to object or except to the action of the trial court. This objection, in our opinion, is well taken. "The party objecting to the decision must except at the time the decision is made." R. S. 1894, section 638 (R. S. 1881, section 626); *Fletcher* v. *Waring,* 137 Ind. 159, and authorities there cited.

The third assignment of error was designed to present the same question, and must fail for reason just stated.

The fourth assigned error is "in overruling appellants' motion to find the facts specially involved in the issues, between the plaintiffs and William J. Stamp." As we have shown, there were two motions by the appellants, either of which and the ruling

thereon, answers the specification so stated. While it may be regarded as extremely doubtful if the specification of error is sufficiently definite, in the light of the record, we think it entirely certain that the alleged error could only be raised upon motion for a new trial, and not upon motion addressed to the special finding. *Bunch* v. *Hart,* 138 Ind. 1; *Tewksbury* v. *Howard,* 138 Ind. 103; *Sharp* v. *Malia,* 124 Ind. 407.

Facts not specially found are, under our practice, presumed to be found against the party on whom rests the burden of proving such facts. If the finding of the court is against the evidence, that question is made upon motion for a new trial.

The only remaining cause for error assigned is the action of the trial court in overruling the motion of the appellants for a new trial. Of the causes for a new trial, stated in the motion therefor, the appellants present, in addition to that already referred to, but one, namely: That the finding of the court was contrary to the evidence. The appellees object to a consideration of this question for the reason, as stated, that the bill of exceptions was not filed within the time allowed, ninety days from May 2, 1894, but was presented to the judge September 11, and signed and filed October 1, more than one hundred and twenty days. The motion was filed during the term at which the decision was made, as required by section 570, R. S. 1894 (section 561, R. S. 1881), and the exceptions upon which the motion was predicated were carried "forward to the time of ruling on such motion." R. S. 1894, section 638.

The time granted by the court for the filing of the bill could not curtail the time allowed by the statute.

The appellants' insistence, upon the evidence, is, as we understand their learned counsel, that the mortgagor, Stamp, remained in possession of the mort-

gaged property and made daily sales therefrom, the proceeds of which averaged $8.00 per day; that the daily expenses averaged $4.00; that for the period of one hundred and seventy-six days, from the execution of the mortgage, he received, less the expense of operating, $704.00. These facts, it is claimed, worked a payment of the mortgage debt of $500.00, and freed the property from the lien of the brewing company. Counsel says: "I understand the law to be well settled that where a mortgagee permits the mortgagor to conduct the business, selling the mortgaged property and using the proceeds for his own use, that he stands in the relation of agent to the mortgagee, and the net proceeds of the business is a payment to be applied upon the mortgage, whether the parties actually apply it or not." The authorities relied upon in support of this position are *Muncie Nat. Bank* v. *Brown,* 112 Ind. 474; *New* v. *Sailors,* 114 Ind. 407, 5 Am. St. Rep. 632; *Mayer* v. *Feig,* 114 Ind. 577; *Peabody* v. *Landon,* 15 Am. St. Rep. 912.

The case of *Muncie Nat. Bank* v. *Brown, supra,* has no reference to the effect of an express or implied agency in or for the sale of mortgaged chattels, or as to the legal presumption of the payment of the debt from the proceeds of sales. There the mortgage contained the express authority to sell, and required an accounting to the mortgagee. The proceedings, instituted within three or four days of the execution of the mortgage, attacked the validity of the mortgage, because of that express authority to sell and account for the proceeds. This court held the mortgage not invalid.

In *New* v. *Sailors, supra,* and *Meyer* v. *Feig, supra,* the questions were as to the validity of the mortgages; each mortgage containing an express authority to sell the chattels and to account to the mortgagee for the proceeds. While in each case the mortgage was held

not fraudulent for that reason, it was said that the law will imply a payment upon the mortgage debt to the extent of the net proceeds of the sales made pursuant to such agreement. There are several reasons why the doctrine so stated has no application in this case. The mortgage in question covered certain pool and billiard tables with attachments, and certain counters and other saloon furniture and fixtures, with the additional items of "cigars and tobacco, wines and liquors of all kinds contained in his said business." The privilege of selling any of the property was not given in the mortgage, but was expressly denied and made a condition of forfeiture of possession to the mortgagee. There was no evidence of the sale of any of the property covered by the mortgage, but that which is so construed by the appellant was as follows: "After this mortgage and after these executions were levied, you went on in business there, did you? Yes, sir. Buying goods and selling goods? Yes, sir. And you continued that until the 8th of August? Yes, sir. Isn't it true that during that time your average sales was $8.00 a day? Yes, sir; somewhere near that. You used that there in your business? Yes, sir. None of it went to Kamm & Schillinger on this mortgage, did it? No, sir. You bought goods and would sell them out there? Yes, sir. And none of it went to Kamm & Schillinger on their mortgage? No, sir."

We think the trial court would not have been permitted to draw the inference from this evidence that any of the tables, fixtures, and furniture had been sold, and it is not an unreasonable inference, from this evidence, that the sales so averaging $8.00 per day were from goods bought and sold after the execution of the mortgage and not covered by it. Even if we could conclude that the sales mentioned included the cigars, tobacco, and liquors covered by the mortgage,

the items were of but nominal value, to-wit: $5.00, as shown by the uncontradicted evidence of a witness offered by the appellants.

As to an implied authority to make sales, a question not discussed by counsel, the evidence does not disclose a knowledge, or an opportunity for knowledge on the part of the mortgagee, that any of the mortgaged property was being sold.

There is evidence tending to establish a conditional sale by Stamp, of the property covered by the mortgage to Reeves & Beebe, in which the purchasers paid certain moneys to the mortgagee and executed to the mortgagee and to Stamp certain notes, representing the balance of the agreed purchase-price. There is also evidence that the condition was broken and that the sale failed. Of this transaction, however, it is not claimed that it constituted an actual payment of the mortgage indebtedness. However, if it had been so claimed, we find the evidence in conflict and confusion as to whether the payment made and the notes executed were for the purchase-price of the property, and the question of weighing the evidence and passing upon that conflict was for the trial court.

Finding no available error in the record, the judgment of the circuit court is affirmed.