McLaughlin *et al. v.* Ward.

---

No. 7986.

## McLaughlin et al. *v.* Ward.

Chattel Mortgage. —*Consideration.* — *Pre-existing Debt.* — A chattel mortgage, given to replace a previous security voluntarily surrendered, tress on a sufficient, if not valuable, consideration.

Same.—*Fraud.*—*Question of Fact.*—Whether a mortgage was made with intent to defraud creditors, is made by statute a question of fact.

Same.—*Mortgagor in Possession.*—It can not be said judicially, therefore, that such was the intent, merely because the mortgagor remained in possession, with leave to sell the property, accounting to the mortgagee for the proceeds, or even if such accounting were not required.

Fraud.—*Burden of Proof.*—The burden of proving fraud is on the party alleging it.

Special Finding.—*Presumption.*—The presumption is that all material facts which were proved are stated in a special finding.

From the Marion Superior Court.

*H. W. Harrington* and *A. G. Howe,* for appellants.
*R. Hill* and *J. W. Nichol,* for appellee.

WOODS, J.—Action to foreclose a chattel mortgage. The appellant McLaughlin answered, and also filed a cross complaint showing the levy upon the mortgaged property of certain executions in his favor against the mortgagor, and that the mortgage was fraudulent and void as against the creditors of the mortgagor. The court, by request, found the facts specially, stated its conclusions of law thereon, and gave judgment accordingly for the appellee. Upon appeal to the general term, McLaughlin assigned error upon the overruling of his exception to the court's conclusion of law, his motion for a *venire de novo*, and his motion for a new trial.

In this court the counsel for the appellant have confined their discussion to the conclusion of law upon the facts found, and to that alone we shall therefore direct our attention.

The mortgaged property is described in the mortgage as "the brick-yard, sheds, and also the kiln of brick, now situate," etc., "and also the mud-wheel, five wheelbarrows and cart connected with said brick-yard, and also one spring wagon, and one sorrel horse, and one bay mare."

The cross complaint charges, *inter alia*, "that the said mortgage set out in the complaint is fraudulent, and was made to fraudulently hinder and delay the creditors of said Andrew Doyle," and, after showing the recovery of certain judgments by McLaughlin, and the issue thereon and levy of executions upon said brickkiln, "subject to any valid mortgage of previous date," alleges "that, on the 14th day of July, 1877, said Andrew Doyle filed a schedule of his property, claiming all his property, including the said brickkiln, as exempt from said executions by reason of the plaintiff's alleged and pretended mortgage; * * * that the several debts, upon which the aforesaid judgments were obtained, existed long before the plaintiff's pretended mortgage was executed by said Doyle, and that there was no consideration for the said fraudulent mortgage; * * * that the plaintiff, Ward, has fraudulently permitted said defend-

ant Doyle to remain, up to the present time, in possession of said brickkiln, * * and has been, and still is, permitting said Doyle to sell bricks from said kiln at his, Doyle's, pleasure, and to appropriate the proceeds of such sales to his, Doyle's, own use and benefit.''

The finding of the court shows, that the allegations in said cross complaint were admitted, on the trial, to be true, excepting those charging fraud; that Ward and Doyle were brothers-in-law, and that Ward loaned to Doyle the sum of $1,100, $500 of which he borrowed, and for the loan received Doyle's note at the time, dated January 1st, 1873, to become due in one year, to secure the payment of which Doyle and wife gave a mortgage on a lot in Indianapolis, then worth $1,700 or $1,800, but since depreciated to the value of $1,000 or $1,200; that Doyle was not then otherwise indebted to any extent; that several months before June, 1876, a judgment was rendered against him for $400, and, in order to obtain a loan of money to pay said judgment, Ward, though no part of his demand had been paid, released his said mortgage, at Doyle's request, and Doyle made another mortgage on the lot to secure the sum of $500, borrowed and applied to the payment of said judgment; that Ward afterward, becoming uneasy, applied for and obtained the execution of the mortgage sued on, and caused the same to be recorded, within ten days, in the county of Doyle's residence and where said brickkiln is situated, said mortgage being given for the sole purpose of securing the payment of the loan theretofore secured by said mortgage on the house and lot; that Doyle thereafter remained in possession of the said bricks, the same being left in the kiln as when mortgaged, until the —— day of ———, 1877, when Doyle was authorized by the plaintiff, the mortgage debt having matured, to sell said bricks, this being done because the season was passing away; that he proceeded to sell accordingly, and was so engaged when (on motion of the

plaintiff) the receiver was appointed herein ; that Doyle then accounted to the plaintiff, Ward, for all moneys which he had received from such sales, to wit, $70, which the plaintiff credited on said note ; that the interest on said note, except for six months on $500, was all paid when this suit was commenced, the balance of the note being due and unpaid at that time.

Considerable stress is laid by the counsel for the appellants on the finding that the allegations of the cross complaint, except those charging fraud, were admitted on the trial to be true. It is insisted that this is equivalent to a finding that the mortgage was executed without a consideration. It is alleged that the mortgage was executed without any consideration, but we think it clear that this averment was used for the purpose of showing that the mortgage was fraudulent, and is not included among the facts admitted. If there could be any doubt on this point, on account of the terms of the finding in respect to the admission, the doubt is removed by other parts of the finding, which show that the mortgage was executed to secure a valid subsisting debt, and was intended to replace another security which the plaintiff had surrendered. A mortgage given solely for the purpose of securing an existing indebtedness rests on a sufficient, if not a valuable, consideration. *Gilchrist* v. *Gough*, 63 Ind. 576 ; *Busenbarke* v. *Ramey*, 53 Ind. 499.

The next point insisted upon, and argued at considerable length, is, that the mortgage was invalid and fraudulent in its inception, or became so, on account of the fact that the mortgagor was permitted to remain in possession, after the mortgage debt was due, and to dispose of the mortgaged property at his own pleasure.

It would, perhaps, be enough on this point to observe that the finding, in this respect, falls far short of sustaining the allegations of the cross complaint. The proceeds of sales were accounted for and properly applied. But if it were

McLaughlin *et al. v.* Ward.

conceded, as averred, that the plaintiff was permitting said Doyle to sell bricks from said kiln at his, Doyle's, pleasure, and to appropriate the proceeds to his own use and benefit (other than paying the mortgage debt), still the inference could not be drawn, as a legal conclusion, that the transaction was a fraud upon other creditors. By the terms of the statute, 1 R. S. 1876, p. 506, sec. 21, "the question of fraudulent intent, in all cases arising under the provisions of this act, shall be deemed a question of fact," and questions of fact must be determined as such by the court or jury trying the case. Under this statute, any recorded mortgage, which is valid between the parties to it, will be upheld against third parties, unless, for some reason, it is actually fraudulent as against them; and whether fraudulent must be deemed a question of fact, to be determined according to the circumstances of the particular case.

If the debtor has no other creditor, besides his mortgagee, or if he has within the jurisdiction of the court other leviable property, ample to satisfy all his liabilities, and no actual fraud was intended, or could possibly result, it is clear that the instrument could not be annulled on account of any supposed constructively fraudulent characteristic of the contract, or intention on the part of the mortgagor. There is no finding in this case that Doyle was not possessed of ample other property subject to seizure in satisfaction of the appellants' executions, and which might as well have been seized as the property in dispute. The burden of showing fraud is on the party who charges it, the appellants in this case; and, the court having made a special finding, the presumption is that all material facts which were proven are stated in the finding. *Graham* v. *The State, ex rel.,* 66 Ind. 386; *Ex parte Walls,* 73 Ind. 95.

The necessary conclusion is, that the finding and judgment of the court in favor of the appellee were right, and the general term committed no error in affirming that judgment.

The judgment of the superior court is affirmed, with costs.