No. 10,087.

McFadden, Administrator, *v.* Fritz et al.

Chattel Mortgage.—*Possession by Mortgagor of Goods Mortgaged without Stipulation to Account to Mortgagee for Goods Sold.—Fraud.—Question of Fact.*—Under the statute, section 4924 (R. S. 1881), a chattel mortgage is not void on its face because it does not require the mortgagor to account for the proceeds of the sales made by the mortgagor of the mortgaged property; fraud, in such a case, is a question of fact for the court or jury. *Mobley* v. *Letts,* 61 Ind. 11, overruled.

Same.—*Replevin by Mortgagee.—Answer.—Demurrer.*—In an action of replevin, an answer which sets forth that the title of the plaintiff is as administrator of a mortgagee, and that such mortgage was made with intent to defraud creditors, and setting forth facts constituting fraud, and alleging that the defendant had purchased the goods at a sale on an execution had by a constable, is good on demurrer.

Same.—*Finding of Facts.—Possession of Note, Secured by Mortgage, by Mortgagor's Attorney.— Delivery of Note and Mortgage.*—A special finding of

facts which shows that A. signed a note payable to B., and signed a chattel mortgage covering certain goods at the same time, to secure such note, and left the note in the possession of his, A.'s, attorney, for safe-keeping, and that it was never delivered to B., that the mortgage was placed of record by A.; who paid the recorder's fee; that A. remained in possession of the mortgaged property until defendant purchased it at a sale by a constable, and it does not appear that there was any stipulation to pay the debt in the mortgage, independent of the note, does not show any right to possession in B.'s administrator, who brings an action of replevin against such purchaser.

From the Shelby Circuit Court.

*J. B. McFadden* and *E. S. Stilwell,* for appellant.

*T. B. Adams, L. T. Michener* and *G. M. Wright,* for appellees.

FRANKLIN, C.—Appellant sued appellees in an action of replevin for the possession of certain goods. Appellees answered by a general denial and a special paragraph.

A demurrer to the special paragraph was overruled. A reply in denial was filed, and a trial had before the court. At the request of the parties, the court found the facts specially, and stated its conclusions of law. The plaintiff excepted to the conclusions of law, and filed a motion for a new trial, both of which were overruled, and judgment was rendered for the defendants.

The errors assigned in this court are:

1st. Overruling demurrer to second paragraph of answer.

2d. Overruling exceptions to conclusions of law.

3d. Overruling motion for a new trial.

The substance of the answer is that the defendants had purchased the property replevied at a constable's sale, and were the owners thereof; that the only title under which the plaintiff claimed was by virtue of a chattel mortgage; that the mortgage was made to defraud creditors, and was void.

Counsel have discussed the question as to whether the mortgage is void upon its face, for not requiring the mortgagor to account for the proceeds of the sales made by him of the mort-

gaged property, and appellee has referred us to the case of *Mobley* v. *Letts*, 61 Ind. 11.

The rule laid down in that case appears to be in accordance with common-law principles and the usual practice of courts. But in a series of cases it has been recently held by this court that under our statute of frauds and perjuries, 1 R. S. 1876, p. 506 (and the 4924th section of the R. S. of 1881, which is the same), "a recorded mortgage, upon its face, can not be declared fraudulent and void as against creditors; that fraud, in such a case, is a question of fact, to be submitted to the court or jury upon the trial." See the cases of *McFadden* v. *Hopkins*, 81 Ind. 459; *Morris* v. *Stern*, 80 Ind. 227; *Lockwood* v. *Harding*, 79 Ind. 129; *McLaughlin* v. *Ward*, 77 Ind. 383.

In the answer in controversy, it is not only positively averred that the mortgage under which appellant claims title was made to defraud creditors and is void, but the facts constituting the fraud are therein set forth. We think this sufficient to submit the question of fraud in the mortgage to the court or jury on the trial of the cause, and there is no error in overruling the demurrer to the second paragraph of the answer.

The special findings of the court and its conclusions of law are as follows:

"1st. On the 9th day of January, 1879, George D. Nichols called upon James B. McFadden, a practicing attorney of Shelby county, and advised with him touching the best mode of securing to Joseph Nichols" (the father of George D.), " of Providence, Rhode Island, an indebtedness of $550, borrowed by George from his father, about February, 1878.

"2d. McFadden, at the instance and request of George D. Nichols, drew up a promissory note of the date of January the 9th, 1879, payable to Joseph Nichols three years after date, without relief from valuation or appraisement laws, which was signed by the said George D. Nichols, and left with the said McFadden, as his attorney, for safe-keeping, subject to his order, and which McFadden deposited in his safe.

"3d. At the same time the said George D. Nichols signed

McFadden, Administrator, *v.* Fritz *et al.*

a chattel mortgage, by its terms purporting to secure the payment of said note, whereby he mortgaged to said Joseph Nichols the following personal property, to wit:

| | | | |
|---|---|---|---|
| 1 keg of cherry bounce, of the value of . . . . . . | $ 20.00 |
| 1 " tom gin, " " . . . . . . | 27.00 |
| 1 " blackberry brandy, of the value of . . . . | 18.25 |
| 1 " rice brandy, of the value of . . . . . . . | 16.00 |
| 1 " peach brandy, of the value . . . . . . . | 18.00 |
| 1 cask of California brandy, of the value . . . . . | 42.00 |

$141.25

With a large amount of other goods. Said mortgage stipulated, among other things, that said George should retain possession of said property until the note became due, and granting the said Joseph Nichols the right to take possession of said property in case it was levied upon by any execution, etc. That said note was never delivered to said Joseph Nichols, or any one else authorized to receive the same for him, nor has it to this day been delivered by George D. Nichols to any person with the purpose of charging himself thereby. The mortgage was placed upon record at the instance of George D. Nichols, who paid the fee therefor. On the 6th day of March, 1879, the defendants, Emil Fritz *et al.*, recovered a judgment against the said George D. Nichols, for the sum of $50, with costs taxed at $3.20, before a justice of the peace of Shelby county, having jurisdiction of the parties and subject-matter. On the 9th day of July, 1879, an execution was issued on said judgment by the justice before whom said judgment was taken, and delivered to the proper constable, who proceeded to levy upon, and after legal notice to sell, said property, which was purchased by George M. Wright, as the attorney for and on behalf of his clients, the defendants herein. On July 21st, 1879, said property was then taken by the sheriff from said Wright and Fritz and placed in the custody of McFadden in a proceeding in-

stituted in the name of Joseph Nichols, at the instance of George D. Nichols; that afterwards, Joseph Nichols died at the city of Providence, Rhode Island, testate, and on the 26th day of March, 1880, the said cause was dismissed and a return of the property awarded to the defendants, Fritz *et al.*, on the same day the plaintiff, McFadden, applied to the proper court and was appointed administrator of the estate of said Joseph Nichols in the State of Indiana. Upon the same day, McFadden called upon George M. Wright, the attorney of Fritz *et al.*, and, by agreement of Wright and McFadden, the property was retained by said McFadden, so as to dispense with delivery of the property to Fritz, and then making a demand therefor, and then taking said property by writ of replevin, which McFadden said he intended to do, who brought this suit on the 26th day of March, 1880, and who now has possession of said property; that some of the property included in the chattel mortgage, to wit: One horse, some cigars and tobacco and other small items, have been sold by George D. Nichols, and the proceeds thereof appropriated to his own use, but Joseph Nichols knew nothing about the same.

"I find that by reason of the note described in the mortgage having never been delivered to Joseph Nichols, and having never passed from under the control of George D. Nichols to any one, no valid note and mortgage were ever executed between George D. and Joseph Nichols; and that this plaintiff, as the administrator of Joseph Nichols, can claim nothing as against these defendants by reason of the chattel mortgage. I find for the defendants, and assess the value of the property at $141.25."

To which conclusions of law the plaintiff excepted.

The special findings state that upon the signing of the note and mortgage by George D. Nichols, he left the note with his attorney for safe-keeping, and the attorney put it into his safe; that it never was delivered to Joseph Nichols, or any one for him, whereby George D. Nichols could be charged

with it.   And as to the mortgage, when it was signed, George D. Nichols took it to the recorder's office, had it recorded and paid the fee therefor.   After appellees had purchased the property, at the instance of George D. suit was commenced in the name of Joseph Nichols to replevy the property, when Joseph Nichols died, and the suit was dismissed. These findings inferentially show that Joseph Nichols never had accepted the mortgage, he being a non-resident.   And if the mortgage had been accepted, the findings do not show that the mortgage contained any promise to pay the debt independent of the note.

In considering conclusions of law, facts not found are considered as not having been proved, and are to be held as against the party upon whom rested the burden of proof.

We find no error in the court's conclusions of law upon the facts stated.

The reasons stated for a new trial are:   The findings are not sustained by the evidence, and are contrary to law.

We have examined the evidence carefully, and considered it under all the circumstances proved in the case, and we think it strongly tends to support the findings of the court, and that they were not contrary to law.   There was no error in overruling the motion for a new trial.

We find no error in this record.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Opinion filed at the November term, 1882.

Petition for a rehearing overruled at the May term, 1883.