Dessar *et al. v.* Field.

No. 11,222.

## DESSAR ET AL. *v.* FIELD.

BILL OF SALE.—*Assignment for Benefit of Creditors.—Fraud.*—A writing, by which an insolvent merchant transfers his entire stock in trade and notes and accounts to a creditor, providing that when turned into money any proceeds beyond satisfying the creditor shall be paid to the merchant, is not an assignment under the statute, but is a bill of sale, and is not fraudulent in law.

From the Owen Circuit Court.

*N. Morris, L. Newberger, D. E. Beem* and *W. Hickam,* for appellants.

*S. O. Pickens, W. H. Pickens* and *I. H. Fowler,* for appellee.

ZOLLARS, J.—Appellee, Field, was engaged in merchandising, and, not having sufficient credit, was allowed to buy goods on the credit and in the name of Thomas A. McNaught. This arrangement continued until the liability of McNaught amounted to near $6,000, when Field turned over to him and put him in possession of his stock of goods, store fixtures, notes and book accounts. This was done at a time when Field was insolvent. Appellants were creditors of Field when the transfer was made. In this action, they seek to attack and overthrow the transfer to McNaught, as fraudulent and void as to them.

It is not insisted that there was fraud in fact, but it is claimed that the written instrument, by which the transfer was made, was and is fraudulent and void in law. The portion of the written instrument necessary to be noticed is as follows: "This agreement is to the following effect, to wit: Whereas, T. M. Field, in his business, has contracted indebtedness in the name of T. A. McNaught, and for which said McNaught is liable to the creditors, said indebtedness amounting to something near six thousand dollars or more; and whereas, judgments have been taken on a large part of said indebtedness, and creditors are pressing their claims for collection; and whereas, said indebtedness, as between said

Field and said McNaught, is the indebtedness of said Field, contracted as aforesaid in the name of said McNaught: Now, therefore, to adjust said indebtedness as between said Field and said McNaught, said Field has this day sold and transferred to said McNaught, all his right, title, interest, and claim in and to his dry goods store, consisting of dry goods, clothing, boots and shoes, notions, and the tailoring business, and his entire stock of goods of every description, * * * and also all the notes and book accounts of said Field, which he hereby agrees to assign and transfer to said McNaught. And in consideration of said goods, notes and accounts, so sold, delivered, assigned and transferred as aforesaid, said McNaught assumes to pay said indebtedness so contracted as aforesaid by said Field for the use and benefit of said Field, and in the name of said McNaught; and as between said Field and said McNaught, said Field is to be exonerated and discharged from all liability to said McNaught on account of said indebtedness contracted as aforesaid. * * * It is further agreed between the parties hereto that if said goods * * * shall not amount to a sum sufficient to pay said indebtedness, * * * the said Field is to pay any deficiency which said goods * * * may fail to pay, after they shall be turned into money. * * * And it is further agreed, that if a sum greater than is necessary to pay said indebtedness shall be realized from said goods, * * * then, any excess is to be paid over to said Field."

The contention of appellants is that the whole transaction is fraudulent and void in law, because of the provisions in relation to the payment of any deficiency by Field, and the payment to him of any surplus that may be realized from the goods, etc., by McNaught.

Their argument rests upon the assumption that the written instrument is an assignment, and that because a possible surplus is reserved to the debtor, although, in fact, there is none, the whole transaction was rendered void in law. If their assumption were conceded, it would not necessarily follow that

their conclusion is correct. *McFarland* v. *Birdsall,* 14 Ind. 126; *New Albany, etc., R. R. Co.* v. *Huff,* 19 Ind. 444.

The instrument, however, is in no sense an assignment for the benefit of creditors. It has none of the formalities required by the statute. McNaught was not required to, and did not, proceed in the manner provided by the statute in cases of assignment. It is manifest that the parties did not, in any sense, regard the transaction as an assignment under the statute or otherwise. There would be more propriety in treating the written instrument as a chattel mortgage than to treat it as an assignment. Regarded as a chattel mortgage, there is nothing upon the face of it to render it void. The general rule is that fraud, as connected with the execution of a chattel mortgage, is a question of fact and not of law. *McFadden* v. *Hopkins,* 81 Ind. 459; *Morris* v. *Stern,* 80 Ind. 227; *Lockwood* v. *Harding,* 79 Ind. 129; *McLaughlin* v. *Ward,* 77 Ind. 383. We can discover no reason why the instrument may not be treated just as the parties treated it, and thus carry out the intent of the parties, which, in each case, is the essence of the contract. The written instrument purports to be, and we think is, a bill of sale, which conveyed to McNaught the title to the goods, etc., with the absolute power of disposal as he might choose.

The consideration was the payment of debts which, as between him and Field, were not his debts. To the amount of the goods, etc., when reduced to cash, Field was relieved from all liability to McNaught. The fact that the value of the goods, etc., was to be measured and fixed by the amount that might be realized from them, did not render the sale fraudulent and void as a matter of law; nor did the stipulation that McNaught should account to Field for the surplus, if any, over the amount of his liability.

Whatever view may be taken of the written instrument, no court would be justified in holding that upon its face it was fraudulent and void. We have not gone into a review of the evidence, because the trial court decided that it did not es-

The Bedford, Springville, Owensburg and Bloomfield R. R. Co. v. Rainbolt.

tablish any charge of fraud, and in that decision appellants, so far as disclosed in argument, acquiesced. We may remark, however, in passing, that there is nothing in the evidence that would justify this court in overthrowing the judgment of the court below.

The judgment is affirmed, with costs.

Filed Sept. 17, 1884. Petition for a rehearing overruled April 7, 1885.