## BURFORD ET AL. *v.* FIRST NATIONAL BANK ET AL.

[No. 3,879. Filed January 29, 1903.]

CHATTEL MORTGAGES. — *Possession.—After-Acquired Property. —Sales.* —Provisions in a chattel mortgage authorizing the mortgagor to sell the mortgaged property and apply the proceeds to the payment of the mortgage debt, and that the lien of the mortgage should extend to goods afterward purchased to replenish the stock, do not invalidate the mortgage. *p. 387.*

SAME.—*After-Acquired Property. — Liens.* — A provision in a chattel mortgage that the mortgagor may replenish the stock and that the lien of the mortgage shall extend to such after- acquired property is effectual to vest in the mortgagee both a legal and equitable right in the after-acquired property, if possession is obtained by the mortagee before the rights of others attach. *p. 388.*

SAME.—*Proceeds from Sale.—Liens.*—A mortgagor executed an assignment of certain accounts, part of which were the proceeds from the sale of property covered by a chattel mortgage. The deed of trust was made to secure debts contracted before the execution of the mortgage, but the mortgage was on record at the time of the execution of the deed of trust and provided that the proceeds of the sales of the mortgaged chattels should be applied to the payment of the debt secured by the mortgage. *Held,* that the accounts accruing from the sale of the mortgaged chattels should be applied to the debt thereby secured. *p. 388.*

From Tippecanoe Circuit Court; *Jere West,* Special Judge.

Action by the First National Bank of Lafayette and others against William B. Burford and others to set aside a deed of assignment. From a judgment in favor of plaintiffs, defendants appeal. *Affirmed.*

*G. P. Haywood* and *C. A. Burnett,* for appellants.

*S. P. Baird, A. W. Caldwell, J. L. Caldwell, A. L. Kumler, T. F. Gaylord, J. F. Hanly, W. R. Wood* and *A. O. Behm,* for appellees.

HENLEY, J.—This action grew out of the insolvency of the Spring-Emerson Stationery Company, a corporation organized under the laws of this State, with its principal office in the city of Lafayette. On the 17th day of September, 1896, the said corporation, pursuant to a resolution of its board of directors, executed, through its proper officers, to one Mortimer Levering, trustee, a chattel mortgage on all its property, to secure the payment of certain debts due the First National Bank of Lafayette and other creditors, the appellees herein. This chattel mortgage provided that the mortgagor should remain in possession of and sell the mortgaged goods until default made; further stipulating that the mortgagor should apply all money arising from such sales, less the necessary expense of conducting the business, to the payment of the debts secured; and providing further that all new goods that might be bought for the purpose of keeping the stock in salable condition, and all notes and accounts that might accrue from the sale of goods after the execution of the mortgage, should be subject to the lien of the mortgage, and be applied to the payment of the indebtedness thereby secured. On the 19th of November, 1896, the president and secretary of said corporation executed a deed of assignment to George J. Eacock, trustee, transferring and assigning to him certain accounts due said corporation, of the aggregate face value of $6,000, for the purpose, as expressed in said instrument, of securing certain other creditors of said corporation, not named in the chattel

mortgage.  About $4,000 of the accounts so assigned to Eacock, trustee, accrued from the sale of the goods covered by the chattel mortgage, after its execution.  On the 3d day of December, 1896, the said Eacock was by the trial court appointed receiver of said corporation.  The said receiver refused to inventory and charge himself, as such receiver, with any of the accounts assigned to him as trustee on the 19th of November, 1896.  The First National Bank of Lafayette and the other appellees brought this action to set aside the deed of assignment to Eacock made on the 19th of November, 1896, and to compel him to inventory and charge himself, as receiver, with the accounts embraced therein.  Appellants became parties to the action by petition on the ground that they were the creditors secured by the assigned accounts.

Appellants filed a cross-complaint in which they asked that the deed of assignment to Eacock, trustee, be held valid, and that the chattel mortgage, in so far as it attempts to cover new goods purchased after its execution, and accounts accruing thereafter from the sale of the goods, be held invalid.  Appellees filed a joint answer to the cross-complaint, consisting of three paragraphs.  The trial court sustained a demurrer to the first paragraph of this answer. It was averred in the second paragraph that the assignment of the accounts to Eacock, trustee, was executed by the president and secretary of said corporation; that the same was done without any authority, and was never authorized or ratified by the stockholders or directors of said corporation; that nearly all of said accounts so attempted to be assigned had, prior to said attempted assignment, been pledged by the prior mortgage to said Levering, which had been executed by and through an express resolution of the board of directors of said company.  The third paragraph of said answer was a general denial.  Appellants filed a reply to the second paragraph of appellees' answer, averring that the president and secretary had, on many occasions

prior to the execution of the said assignment in question, assigned accounts and choses in action belonging to said corporation as security for its debts, with the knowledge and consent of its stockholders and directors. There was a trial by the court. There was a general finding for appellees. The judgment was that the deed of assignment to Eacock, trustee, should be set aside and declared void, except as to such accounts therein embraced as were in existence prior to the execution of the chattel mortgage to said Levering, and that said Eacock, as receiver of said corporation, should inventory and account for all such accounts as were held not to be transferred by the assignment aforesaid.

Appellees have not assigned cross-errors, so that the judgment of the court upholding the validity of the trust deed assigning to Eacock the accounts not covered by the Levering mortgage is not attacked. It appears from the finding and judgment that the trial court recognized the right of the president and secretary to execute the deed of trust. The only question then left is, was the mortgage executed to Levering a valid mortgage covering the accounts accruing from the sale of the mortgaged goods. If the mortgage was effective in this regard, then the judgment of the court holding invalid the deed of trust to Eacock, in so far as it attempted to convey the accounts arising from the sale of the mortgaged goods, was correct. The mortgage provided that the mortgagors might remain in possession until default made; that the sales should continue, and the proceeds thereof, less necessary operating expenses and the cost of goods purchased to keep the stock in salable condition, should be applied to the secured debts. No one of these provisions renders the mortgage invalid. Repeated decisions of the Supreme and Appellate Courts of this State are to the effect that a provision in a chattel mortgage authorizing the mortgagor to sell the mortgaged property, and apply the proceeds to the payment of the mortgaged

debt, does not vitiate the mortgage. *Fletcher* v. *Martin,* 126 Ind. 55; *New* v. *Sailors,* 114 Ind. 407, 5 Am. St. 632; *Mayer* v. *Feig,* 114 Ind. 577; *Stix* v. *Sadler,* 109 Ind. 254; *Dessar v. Field,* 99 Ind. 548; *McFadden* v. *Fritz,* 90 Ind. 590; *McFadden* v. *Hopkins,* 81 Ind. 459; *Morris* v. *Stern,* 80 Ind. 227; *Lockwood* v. *Harding,* 79 Ind. 129; *McLaughlin* v. *Ward,* 77 Ind. 383; *Stout* v. *Price,* 24 Ind. App. 360.

The fact that the mortgage provided for the replenishing of the stock, so that the same might be kept in salable condition, and providing that the lien of the mortgage should extend to such after-acquired property, did not of itself invalidate the mortgage. *Fisher* v. *Syfers,* 109 Ind. 514. And such a clause is effectual to vest in the mortgagee both a legal and equitable right in the after-acquired goods, if possession is obtained by the mortgagee before the rights of others attach. *Fisher* v. *Syfers, supra;* Jones, Chat. Mort. (4th ed.), §405.

Eacock had both actual and constructive notice of the existence of the Levering mortgage at the time the accounts were conveyed to him by the deed of trust. The deed of trust was made to secure debts contracted before the execution of the mortgage. The mortgage was on record at the time of the execution of the deed of trust. The creditors named in the deed of trust do not occupy the position of innocent purchasers. They took the accounts with full knowledge that a part of them accrued from the sale of the mortgaged property, and must, under the terms of the mortgage, be applied to the payment of the debts thereby secured. If the mortgagor fails or refuses to apply the proceeds of the sales of the mortgaged chattels to the payment of the debts secured by the mortgage, the law will make the application to protect the creditors. *Stout* v. *Price, supra.*

By the judgment of the trial court, the creditors secured by the Levering mortgage receive only that which their

mortgage secured to them, and appellants are given all that the deed of trust properly conveyed to them.

The judgment is affirmed.