### In re TURLEY.

### LUCKETT et al. v. TURLEY et al.
### No. 6235.

Circuit Court of Appeals, Seventh Circuit.
Nov. 19, 1937.

Telford B. Orbison and Robert C. Bulleit, both of New Albany, Ind., and Carl K. Helman, of Louisville (Denny, Adams, Baker & Orbison, of Indianapolis, Ind., of counsel), for appellant.

John H. Weathers, Sherman Minton, and Roger H. Phillips, all of New Albany, Ind., and Stotsenburg, Weathers, Minton & Phillips, of New Albany, Ind., for appellees Volley M. Woolums and Claude Roberts.

Morton C. Embree and Charles O. Baltzell, both of Princeton, Ind., for appellee J. Turley Woolums.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This appeal involves an equity action instituted by appellant who sought by his bill of complaint to set aside and cancel certain judgments, bills of sale and deeds, by which certain of the bankrupt's property was conveyed to appellees within four months of the date of adjudication, as constituting a preference in violation of the provisions of the Bankruptcy Act (section 60, as amended, 11 U.S.C.A. § 96).

The bankrupt, Alfred T. Turley, for some twenty-five years, was engaged individually in the hardware, lumber and wagon material business and also in the monument business, in buildings located on land owned by him.

April 13, 1930, the bankrupt and his wife, Jessie M. Turley, executed two promissory notes in favor of the American Bank & Trust Company of New Albany, Ind., secured by their chattel and real estate mortgage, one of said notes in the sum of $8,000 and the other in the sum of $5,000. Subsequently, the $5,000 note was paid by the bankrupt and later the $8,000 note was paid by the appellee Volley M. Woolums, and the note and mortgage were assigned to him October 31, 1931. November 9, 1931, the bankrupt and his wife executed their promissory note in favor of Volley M. Woolums in the sum of $8,000 likewise secured by a chattel and real estate mortgage upon the same property. July 12, 1932, the bankrupt and his wife gave Volley M. Woolums a third promissory note in the sum of $8,000 likewise secured by a chattel and real estate mortgage upon the same property. November 7, 1931, the bankrupt and his wife gave their promissory note to appellee, Claude Roberts, Sr., in the sum of $6,250 secured by a chattel and real estate mortgage upon property other than that described in the aforesaid mortgages. All of the mortgages contained an after-acquired property clause and provided that the mortgagor was to have "the right to continue his business as a dealer in said materials as usual in trade." There is no provision in the mortgages authorizing the appointment of a receiver or authorizing the mortgagees to take possession of the personalty on default in payment, and no requirement as to what was to be done with the proceeds arising from the sale of the personal property covered by the chattel mortgages.

A considerable portion of the record is devoted to the effort made by appellant to ascertain the consideration for and the various items included in the notes and mortgages referred to. In view of the fact, however, that appellant in his oral argument before this court conceded the validity of the notes and mortgages in question when given, including the consideration as therein expressed, we see no occasion for us to relate or discuss the facts as developed in this respect.

The mortgagor (bankrupt), with the consent and knowledge of the mortgagees, after the execution of the various mortgages, remained in possession of the mortgaged property, engaged in and conducted the business along the same lines as he had previously done up until May 27, 1933, when he was adjudicated an involuntary bankrupt. Nothing was paid upon the notes and mortgages in question, and no accounting was made by the mortgagor or requested by the mortgagees. Large sums of money received by the mortgagor in the operation of the business were used for purposes not connected therewith, including his family expenses and the sum of $20,000, between March 1, 1930,

and December 1, 1932, in defending himself and one Claude A. Roberts, the latter a nephew of the appellee, Claude Roberts, Sr., against a criminal prosecution in the State of Alabama.

On January 28, 1933, appellees Volley M. Woolums and Claude Roberts, Sr., filed suit in the circuit court of Crawford county, Ind., against the mortgagor and his wife to foreclose the mortgages referred to, and on February 8, 1933, a judgment was entered in said proceedings in favor of the former in the sum of $26,322.70, together with costs, and in favor of the latter in the sum of $7,339.50, together with costs. Three days after the judgments were entered, the mortgagor and his wife executed and delivered to Volley M. Woolums a bill of sale covering the personal property included in the foreclosed chattel mortgages and a warranty deed covering the real property described in the foreclosed real estate mortgage; and likewise executed and delivered to Claude Roberts, Sr., a bill of sale covering the personal property included in his foreclosed chattel mortgage.

The cause was referred to a special master in chancery to take the evidence and report the same, together with his findings of fact and conclusions of law. September 16, 1933, after the cause was referred, appellant, with leave of the court, filed a supplemental bill of complaint by which appellee, J. Turley Woolums, a son of Volley M. Woolums, was made a party to the suit. In this supplemental bill, it was alleged the judgments, deeds, and bill of sale heretofore referred to were void, as constituting a preference under the Bankruptcy Act, and that title to the property thus illegally conveyed vested in the trustee in bankruptcy. There is set forth a proceeding by which the treasurer of Crawford county, Ind., sold the personal property contained in the bills of sale referred to and which at the time of the tax sale was in the possession of Volley M. Woolums and Claude Roberts, Sr., for the sum of $4,740.55 to satisfy a tax lien upon said property, which sale it is claimed is void.

■ While the original bill contains no attack on the validity of the involved mortgages, the theory of appellant at that time evidently being that the instruments transferring the mortgaged property to appellees Volley M. Woolums and Claude

Roberts, Sr., within four months of the time of adjudication, were void, it seems the case was tried by the special master upon the former rather than the latter theory. It now seems clear that the attack upon the proceedings by which possession of the mortgaged property was transferred to the mortgagees, even though within four months of the date of adjudication, must fail unless the mortgages in question at such time were void. The law seems well settled that, in taking possession of property secured by a valid chattel mortgage before the filing of a petition in bankruptcy, the lien of the mortgage attaches and relates back to the date of the mortgage and this is so as to after-acquired property. Thompson v. Fairbanks, 196 U.S. 516, 25 S.Ct. 306, 49 L.Ed. 577; Finance & Guaranty Co. v. Oppenhimer, 276 U.S. 10, 48 S.Ct. 209, 72 L.Ed. 443; Johnson v. Burke Manor Bldg. Corp. (C.C.A.) 48 F.2d 1031, 83 A.L.R. 1273.

■ Even though the case was tried upon an issue at variance with the pleading, we are disposed to treat it here as it was treated below. Thus, we find the essential controversy, and in fact the decisive question, concerns the validity of the mortgages at the time of the judgment and transfer of the property within four months of adjudication. If the mortgages, at that time, were valid, the judgment and transfers were valid, but, if the mortgages were void, the judgment and transfers were likewise void. The validity of such mortgages must be determined by the law of Indiana. Thompson v. Fairbanks, supra; In re Baumgartner (C.C.A.) 55 F.2d 1041. There seems to be little, if any, dispute, in this respect, as to the law of that state as announced by the decisions of its courts. It has been consistently held that a mortgage of chattels containing an after-acquired property clause which permits the mortgagor to remain in possession and sell the chattels in the course of business, without requiring an accounting to the mortgagee of the proceeds of sale, is not void. If an agreement exists, however, by which the mortgagor can sell the goods and divert the proceeds from the business or that the mortgagor did so with the knowledge of the mortgagee, then no valid lien attaches to after-acquired property. Irwin's Bank v. Fletcher Savings & Trust Co., 195 Ind. 669, 145 N.E. 869, 146 N.E. 909; Fisher v. Syfers, 109 Ind. 514, 10 N.E. 306; Bur-

ford v. First National Bank, 30 Ind.App. 384, 66 N.E. 78; New v. Sailors, 114 Ind. 407, 16 N.E. 609, 5 Am.St.Rep. 632.

We quote from appellant's brief a statement as to the law of Indiana which we regard as applicable to the situation presented and supported by the Indiana authorities. It is as follows: "If, however, it affirmatively appears that there was no agreement to account for the proceeds and that the mortgagor was permitted to remain in possession of the mortgaged property and sell the same and appropriate the proceeds to his own use, with the knowledge of the mortgagee, a presumption of fraud arises by operation of law, which renders the mortgage void as to creditors for the reason that such an arrangement is, in effect, a secret trust for the benefit of the mortgagor and violative of section 33-409 of Burns Indiana Statutes 1933."

Thus, it is the contention of appellant that the chattel mortgages are void, not because they purport to cover after-acquired property, nor because they permit the bankrupt to remain in possession of the property and sell the same, but because the mortgagor appropriated the proceeds of such sale to his own use with the knowledge of the mortgagees. Such knowledge the law labels as fraudulent and the mortgage void. It is at once apparent that knowledge becomes the controlling and determinative factor of this suit and that the burden of proving such was upon appellant.

The special master found and reported: "The defendants, Volley M. Woolums and Claude Roberts, Sr. did not request any accounting of the proceeds of said mortgaged personalty, had knowledge of said use of the proceeds and fraudulently permitted said practices to continue." The District Court, in sustaining exceptions to the master's report, in a memorandum opinion said: "Some. of the witnesses appear to be somewhat confused, but taken as a whole, there is no substantial evidence to sustain the master's finding of fraud or fraudulent intent on the part of either of the defendants." In view of the situation presented to the District Court, we think his conclusion was the equivalent of saying there was no substantial evidence to show the appellees had knowledge that the mortgagor was diverting the proceeds arising from the sale of the mortgaged property to his personal use.

We are thus confronted with the proposition of determining a question of fact which has been determined by the trial court, contrary to the determination made by the special master. Our attention is called to the rule often reiterated that under such circumstances findings of the master who had the opportunity of seeing and hearing the witnesses are not only entitled to great weight, but are binding upon this court. We think that is the general rule, provided, of course, there is any substantial evidence to sustain the master's report. Even this rule, however, has been modified to some extent by Equity Rule 61½, 28 U.S.C.A. following section 723 promulgated by order of the Supreme Court of May 31, 1932. This rule, among other things, states: "The report of the master shall be treated as presumptively correct, but shall be subject to review by the court, and the court may adopt the same, or may modify or reject the same in whole or in part when the court in the exercise of its judgment is fully satisfied that error has been committed." In a situation such as here presented, where the District Court has found contrary to the master, we would conclude, in conformity with the above rule, that the finding of the master is "presumptively correct," but that the strength of such presumption is measurably weakened by the contrary finding of the court.

Presented with these contrary findings on this essential question of fact and in view of the many circumstances which excite our suspicion as to some of the transactions between the parties involved, we have devoted ourselves to the reading, not only of the briefs, but of the entire record, and, after doing so, are forced to the conclusion, even though reluctantly, that the District Court was correct in sustaining exceptions to the master's report. Much of the testimony before the master had to do with the validity of the mortgages at the time they were given and as to whether or not the consideration expressed was bona fide. This testimony, however, sheds very little light upon the question as to whether the mortgagees had knowledge of the diversion of funds arising from the sale of the mortgaged property.

To review all the circumstances which appellant discusses would unduly prolong this opinion, and in the end would serve no useful purpose. Many of the circumstances relied upon, in our judgment, are

inconsistent rather than consistent with knowledge. To mention one of such incidents stressed by appellant: Appellee, Claude Roberts, Sr., together with his brother, Alson Roberts, and the bankrupt's wife, borrowed $5,000 from the bank and used the money for the purpose of furnishing bond in a criminal case in Alabama. This money, however, was borrowed before the execution of the chattel mortgage in question. Even if it had been subsequently borrowed for the benefit of the bankrupt, how such act would prove, or tend to prove, that money was being diverted from his business, is a point we are unable to comprehend. If the circumstance carries any weight, it would be to the contrary.

Evidence that the parties lived and transacted business in the same community, that some of them were related, that appellees did business at the bankrupt's store and similar circumstances relied upon, is not sufficient to justify the master's finding. We are not permitted to reach a conclusion based merely upon conjecture and speculation in order to support the master's finding, but to do so we must be able to say there is substantial evidence which supports such finding, and this we are unable to do after taking into consideration all the material circumstances proven, as well as the reasonable inferences arising therefrom.

From what we have said, it follows that the mortgages in question were valid and that the foreclosure judgments and the instruments by which the property was transferred from the mortgagor to the mortgagees were valid and not in violation of the Bankruptcy Act.

Inasmuch as the issue made by appellant against the appellee J. Turley Woolums was predicated upon sustaining its attack against the proceedings and instruments by which the property in question was transferred to Volley M. Woolums and Claude Roberts, Sr., has failed, it necessarily follows that its attack upon the title by which J. Turley Woolums acquired the property at a tax sale must also fail. By reason of the conclusion reached, title to such property never vested in appellant, and, without title or interest, his attack made upon the tax sale is of no consequence. We shall, therefore, not undertake a discussion of the facts pertaining thereto.

Judgment is affirmed.