## WHITE, RECEIVER *v.* SNYDER.

[No. 16,470. Filed January 21, 1941. Rehearing denied March 24, 1942.]

*Eichhorn, Gordon & Edris,* of Bluffton, for appellant.

*Sturgis, Stine & Sturgis,* of Bluffton, for appellee.

CURTIS, J.—The facts, each established by at least some competent evidence or legitimate inferences, leading up to and throwing light upon the instant case may be summarized as follows: On September 4, 1928, Thomas E. Miller, as principal, and George D. Snyder, his father-in-law, as surety, executed to a Fort Wayne, Indiana, bank, a promissory note for the principal sum of $6,000.00 for borrowed money loaned by said bank to said Miller. Said indebtedness was continued and said note was renewed from time to time with the same makers, principal and surety.

On April 3, 1932, said George D. Snyder died leaving surviving him his widow, Ida A. Snyder, appellee herein.

Shortly after the death of said George D. Snyder, at the next renewal date of said note, Ida A. Snyder, appellee herein, signed a renewal note evidencing said indebtedness as surety for said Miller.

On September 15, 1932, said Ida A. Snyder loaned to said Thomas E. Miller $1,800.00, for which sum he

executed to her his promissory note. Said $1,800.00 was applied as a payment on said indebtedness to said bank, which amount, with other payments that had been made thereon, reduced said principal indebtedness to $3,200.00 and a renewal note for said amount was executed to said bank by said Miller, as principal, and said Ida A. Snyder, as surety.

Said principal note was renewed from time to time with the same maker and surety, and on February 14, 1933, said Miller, as principal, and said Ida A. Snyder, as surety, executed to a successor bank a promissory note for $3,000.00, that being the balance unpaid on said original indebtedness.

On April 6, 1933, for the purpose of indemnifying her against any liability that might arise on account of her being surety on said note, and to secure her for having loaned him said $1,800.00, said Thomas E. Miller executed to said Ida A. Snyder, appellee herein, a promissory note for $4,000.00 due in three years from said date, and to further secure her on account of said liability, said Miller on said 6th day of April, 1933, executed to said Ida A. Snyder a chattel mortgage on the following described personal property:

"The entire stock of drugs, medicines, wall paper, paints, oils, varnishes, and all other species of merchandise, and the fixtures, situate at 129 West Market Street, in the City of Bluffton, in the State of Indiana, and all additions that may be made to said stock of merchandise from time to time until the note secured by this mortgage matures according to the terms hereof."

Said chattel mortgage contained the following further provision: "The note and this mortgage securing the payment of said note is given as collateral security by the mortgagor to mortgagee to secure her

as indemnity upon a certain note given to Old-First National Bank of Fort Wayne, Indiana, and upon which note she is surety for the mortgagor. In the event that this mortgagee is not compelled to pay said note as such surety, the note and this mortgage given to secure the payment of the same shall be of none effect. In case mortgagee is compelled to pay said note as the surety thereon this mortgage shall be enforceable in law." Said chattel mortgage was duly recorded in the Recorder's Office of Wells County, Indiana, on April 7, 1933.

At the time of the execution of said mortgage, it was agreed by and between the mortgagor and the mortgagee that said Miller should continue to operate said store, that he should receive a salary of $30.00 per week for his services in so operating the store, and that the net proceeds from the operation of said store should be applied to the payment of said indebtedness to said Fort Wayne Bank upon which Ida A. Snyder was surety.

In 1933, after the execution of said chattel mortgage, said bank failed and was closed, and the said promissory note evidencing the balance of said indebtedness to said bank was duly assigned and transferred to Fort Wayne Drug Company, of Fort Wayne, at which time said balance amounted to about $2,200.00.

Thereafter said Miller, as principal, and said Ida A. Snyder, as surety, executed to said drug company renewal notes evidencing said indebtedness, the last of which renewal notes was for $2,000.00, executed April 16, 1934; and said Ida A. Snyder also deposited with said Fort Wayne Drug Company, as collateral security for said note, 242 shares of the common capital stock of Peoples Life Insurance Company, of Frankfort, Indi-

ana. Said promissory note was the last renewal note of said indebtedness executed by said parties.

On August 26, 1938, said Ida A. Snyder was compelled to pay said note and the accumulated interest thereon in the total sum of $2,523.33.

On September 1, 1938, said Ida A. Snyder, with the consent of said Miller, mortgagor, and by virtue of said chattel mortgage, took possession of said stock of merchandise and the fixtures described in said mortgage, and on September 6, 1938, gave notice by publication and posting the time and place of a public sale of said property pursuant to the provision of said mortgage therefor. By said notice the time of the sale of said property was fixed for September 24, 1938. On said day a public sale of said property was held and said Ida A. Snyder became the purchaser of said property at said sale for the sum of $3,655.58.

On the 9th day of September, 1938, P. and H. Supply Company, a corporation, filed in the Wells Circuit Court its complaint on account in the amount of $350.00 against said Thomas E. Miller and for the appointment of a receiver. Said Miller filed his consent to the appointment of a receiver, and thereupon on said 9th day of September the court appointed Fred K. White, appellant herein, as receiver of Thomas E. Miller, and said receiver qualified as such and took possession of said stock of merchandise and the fixtures and closed said store.

On October 11, 1938, Ida A. Snyder, appellee herein, filed her claim in two paragraphs against said receiver.

In her first paragraph of claim, appellee alleged that she was the owner of said stock of merchandise and the fixtures by reason of having taken possession of the same on September 1, 1938, pursuant to the terms of her said chattel mortgage.

In her second paragraph of claim, appellee alleged that she had paid $2,523.33 to Fort Wayne Drug Company on August 26, 1938, for Thomas E. Miller on the indebtedness for which she held her said chattel mortgage as indemnity, and that by reason of having been compelled to pay said amount on said indebtedness, and by virtue of said chattel mortgage, she had and held a first and prior lien on said stock of merchandise and the fixtures covered by said mortgage.

On the 12th day of October, 1938, the court ordered said receiver to sell said stock of merchandise and the fixtures; and as a part of said order, the court decreed that all liens and claims against the property should be preserved and said liens and claims were ordered transferred to the funds derived from the sale of said property, and that the claims of Ida A. Snyder be continued for further consideration.

Thereafter said receiver reported to the court that he had sold said property and that the proceeds of said sale amounted to $2,500.00, which was in his hands.

On October 31, 1938, appellant filed answer in four paragraphs to appellee's claim. Appellee's reply in general denial closed the issues.

Appellant's first paragraph of answer was a general denial.

Appellant's second paragraph of answer is on the theory of payment by application or crediting of the proceeds of sale to the debt secured by the mortgage on account of the alleged misapplication by the mortgagor of said proceeds.

Appellant's third paragraph of answer is upon the theory that at the time of the execution of the mortgage there was a secret understanding between appellee and the mortgagor that the mortgagor should not be required to account for the proceeds of sales and that the

mortgage was made for the benefit of the mortgagor, and was therefore void.

Appellant's fourth paragraph was an answer of payment in general terms.

The cause was submitted to the court for trial without a jury. The finding and judgment as modified is as follows:

"The court now finds for the said Ida A. Snyder, claimant, on said claim, that she is entitled to the sum of $2,590.63, that the property covered by the mortgage in favor of said Ida A. Snyder has been heretofore sold by Fred K. White, receiver, for the sum of $2,500.00, and that the proceeds of said sale are now in the hands of said receiver, and that said sum of $2,500.00 should be paid by said receiver to said Ida A. Snyder in full satisfaction of her claim, without any deductions therefrom."

"It is therefore ordered, adjudged and decreed by the court that said receiver, Fred K. White, pay from the funds in his hands to the clerk of the Wells Circuit Court the sum of $2,335.99 for payment to Ida A. Snyder, and the further sum of $164.01, for the payment of the above mentioned taxes, electric bill and water bill."

Appellant relies upon the one assignment of error that the court erred in overruling the motion for a new trial, the causes or grounds of which are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The mortgage not covering household goods was susceptible of being foreclosed in the manner above stated. In addition it might be mentioned that if the mortgage was a valid lien on the whole property taken by the receiver, the finding and judgment of the court would have to be sustained even

if the method of foreclosure used by the appellee should be deemed to be irregular (a matter we are not called upon to decide).

The appellant's assignment of error is sufficiently broad to cover, first, the question as to whether or not the chattel mortgage in question is a valid chattel mortgage, and secondly, the question as to whether or not it covered all of the property taken by the receiver. In his reply brief the appellant says, "The chattel mortgage involved in this action is not void in the sense that the chattel mortgage was not properly executed." This admission of the appellant would seem to answer the first question above stated, at least it removes any contention that the said mortgage was not valid. Continuing in said brief, it is stated that "the chattel mortgage creates a lien on all the property described therein owned by the mortgagor, Thomas E. Miller, at the time the mortgage was executed and on all additions that may be made to said stock of goods by the mortgagor until said note becomes due, to wit, April 6, 1936."

In connection with the appellant's last mentioned contention, it is to be noted that the note mentioned in the chattel mortgage became due April 6, 1936, and that the mortgagor remained in possession of the stock of goods and conducted said business until September 1, 1938, when the appellee took over said stock of goods and the business by virtue of her said mortgage and gave notice of sale of the same and did actually sell the same on September 24, 1936, for the sum of $3,655.58; she becoming the purchaser thereof at such sale. A substantial part of the stock on hand when the mortgage was foreclosed had been added to the stock after the due date expressed in the note. It is the appel-

lant's contention that this added stock is not covered by the mortgage of the appellee.

Some of the rulings of the trial court in admitting items of evidence, were, to say the least, liberal but none of these rulings have been complained of by the appellant in his brief. In this manner, however, the trial court evidently had before it all of the evidence that it deemed would be helpful in determining the intention of the parties to the mortgage as to its purpose and scope in so far as that purpose and scope might be gathered from the conduct of the parties. While the intention of the parties to the mortgage would not necessarily be conclusively controlling as to its scope and purpose, it would, to say the least, be persuasive.

While the note mentioned in the mortgage did mature April 6, 1936, as contended for by the appellant; yet in view of the language of the mortgage, it is clear that the chattel mortgage and the said $4,000.00 note therein described were executed by the mortgagor to the mortgagee to indemnify her against liability or loss as surety for Miller. It covered the stock of merchandise and fixtures and all additions that were to be made to the stock of merchandise from time to time until the note secured by the mortgage matures according to the terms of the chattel mortgage. The terms of the chattel mortgage are, "In the event this mortgagee is not compelled to pay said note as surety, the note and this mortgage given to secure the payment of the same shall be of none (no) effect. In case mortgagee is compelled to pay said note as surety thereon this mortgage shall be enforceable in law." It is the appellee's contention that her "rights under the mortgage accrued only if and when she was compelled to pay the Fort Wayne note as surety thereon.

She was compelled to and did pay said note on August 26, 1938. Therefore, the mortgage covered all additions made to said stock of merchandise until said store was closed by the appointment of the receiver." The trial court adopted the appellee's view after a somewhat complete examination of the question and a full hearing of the evidence bearing upon the scope and purpose of the chattel mortgage. To say the least the chattel mortgage was ambiguous, and the courts said decision in reference to it can easily be sustained in sound reason and logic. For cases that have been helpful see: *Vermillion* v. *First Nat. Bank* (1915), 59 Ind. App. 35, 105 N. E. 530, 108 N. E. 370. It is to be noted that the right of the mortgagee (appellee) given her by the mortgage to take possession of the stock of merchandise and fixtures was exercised by her before any rights of the receiver to take possession attached. See: *Fisher* v. *Syfers* (1887), 109 Ind. 514, 10 N. E. 306; *McFadden, Administrator* v. *Fritz* (1883), 90 Ind. 590, and cases cited. See also, *Burford* v. *First Nat. Bank* (1903), 30 Ind. App. 384, 66 N. E. 78.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 31 N. E. (2d) 61.